THE STATE *vs.* BROWN.

SAME      *vs.* SCHLICK.

SAME      *vs.* HANS.

1. If the offence in an indictment under the act of February 16, 1841, entitled, "An act to regulate groceries and dram-shops," be described *in the words of the statute,* the indictment will be bad.— See, contra, The State *vs.* Comfort, 5 Mo. Rep., 357; The State *vs.* Martin, *Ibid.*, 361; The State *vs.* Mitchell, 6 Mo. Rep., 147.

2. The act of March 18th, 1835, entitled, "An act to regulate inns and taverns," is, with the exception of the 33d section, in force, and an indictment for dealing in wines and spirituous liquors should charge that the defendant had no license for that purpose. If the indictment charges, *in the words of the statute,* that the defendant sold such wines, &c., "without having a dram-shop license continuing in force," the indictment will be bad.

ERROR to St. Louis Criminal Court.

S. M. BAY, *Attorney-General, for The State.*

POINTS AND AUTHORITIES.

1. The indictments charge the offences in the words of the statute, and are therefore good.—The State *vs.* Comfort, 5 Mo. Rep., 357; The State *vs.* Martin, *Ibid.*, 361; The State *vs.* Mitchell, 6 Mo. Rep., 147, wherein it is said, "It has often been decided, that if the offence in the indictment charged be described in the words of the statute, it is sufficient."

2. In indictments founded on statutory offences, it is a general rule that all the circumstances which constitute the definition of the offence must be stated, but it is not necessary to state in the indictment that the defendant does not come within an exception in the statute, or to negative the provisoes contained therein.—1 Chit. Crim. Laws, 281, 283.

3. The 33d section of the act of March 18, 1835, regulating inns and taverns, was repealed by the 50th section of the act of February 13, 1839, relating to groceries and dram-shops; and all the provisions of the first-named act, relating to the dealing in wines and spirituous liquors, were virtually repealed by the act of February 16, 1841, to regulate groceries and dram-shops; for the provisions of this act are inconsistent with those sections of the first-named act which relate to the dealing in wines and spirituous liquors. The act of February 16, 1841, expressly declares, that "no person shall, directly or indirectly, sell, &c., without having a dram-shop license continuing in force."


PRIMM and TAYLOR, for Defendants.

The Criminal Court did not err in arresting the judgment.

1. Because the indictments charge the defendants in error with selling *without a dram-shop license*, when the same should have charged the act or selling to have been done *without license generally;* for the defendants in error might well have sold under a *tavern license*, and yet had no *dram-shop license*.

2. The indictment must exclude the idea of authority to do a *malum prohibitum*.


NAPTON, J., *delivered the opinion of the Court.*

These three cases are alike in every particular. The defendants were indicted under the act of February 16, 1841, entitled, "An act to regulate groceries and dram-shops." The indictment charged that defendant, on, &c., at, &c., "unlawfully did sell spirituous liquors at his stand in the county of St. Louis, in less quantity than one quart, to be drank at the place of sale, without then and there having a dram-shop license continuing in force, contrary," &c. The defendants were severally convicted and fined twenty dollars each, but, upon motion, judgment was arrested.

If the act of March 18, 1835, to regulate inns and taverns, was in force at the finding of this indictment, it is clear, that the indictment was fatally defective, and the judgment was properly arrested. For although it is in general true, that to lay an offence in the express words of a statute is sufficient, yet, if the act of 1835 authorised tavern-keepers to vend liquors in quantities less than one quart, to be drank at the tavern stand, and the act concerning dram-shops gave the same privilege to dram-shop keepers, it would be necessary, in an indictment for the offence of selling liquors in small quantities, to negative the existence both of an inn-keeper's license and a dram-shop license. Either license would justify the selling, and if the charge be as it was in this indictment, that the selling took place without

one or the other license, a conviction and judgment under such an indictment would be no bar to a subsequent indictment for the same offence.

The offender, after having paid the penalties of the law, for selling liquor in small quantities without a dram-shop license, might be again indicted and convicted and punished for committing the same offence under the act of 1835, concerning inns and taverns.

The indictment should charge the absence of a license *generally*, or the want of both a dram-shop and a tavern license.

But the attorney-general contends, that the act concerning groceries and dram-shops, approved February 16, 1841, virtually repealed at least so many of the provisions of the act of 1835, concerning inns and taverns, as authorised the vending of liquors in small quantities. Such would appear to be the case, if the 19th section of the act of 1841 received a literal construction, and was disconnected with other provisions in the same act. That section declares, that "no person shall, directly or indirectly, sell any wine or spirituous liquors, or any composition of which wine or spirituous liquor is a part, in any less quantity than one quart, nor in any quantity, to be drank at the place of sale, without having a dram-shop license continuing in force." But the very next section provides, that "no keeper of a *dram-shop or tavern* shall sell *on credit* any wine or spirituous liquors, or any composition of which wine or spirituous liquor is a part, in any less quantity than one quart," &c. This last section must be unmeaning, so far as it includes tavern-keepers, unless the act contemplated that this class of persons, as well as dram-shop keepers, was authorized to vend liquors in small quantities. A prohibition from selling on credit, of necessity implies a right to sell on some terms.

The 25th section of the same act provides, that the proper authorities of towns and cities may lay taxes on licenses to grocers, tavern-keepers, and dram-shop keepers. In no part of the act of 1841, concerning groceries and dram-shops, is the law of 1835, concerning inn-keepers and tavern-keepers, expressly repealed; on the contrary, as we have seen, several of its provisions have a reference to the provisions of that act, and seem to be founded on the assumption that it is still in force. The 19th section must therefore be construed with reference to the whole act, and to the act of 1835 on the same subject, so that all the provisions of each act, not absolutely inconsistent with each other, may stand.

All the acts relating to groceries and dram-shops passed previously to the act of 1841, were repealed by that law, and the 33d section of the act of 1835, concerning inns and taverns, was repealed by the act of 1839, concerning groceries and dram shops — and thus the law stood in 1842, when this indictment was found. The act concerning inns and taverns being still in force, with the exception of the 33d section, the indictment should have charged the want of a license generally; and the judgment of the Criminal Court, in arresting the judgments in these cases, is affirmed.