## MAYER *v.* THE STATE.

CRIMINAL LAW.—*Supreme Court.*—*Indictment.*—The sufficiency of the facts stated in an indictment to constitute a public offence or crime cannot be questioned for the first time in the Supreme Court. (WORDEN, J., dissented from this proposition, but concurred in the judgment, holding that the indictment in question stated a criminal offence.)

From the Jefferson Circuit Court.

*J. L. Wilson* and *E. R. Wilson*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

PETTIT, J.—The appellant was indicted under "an act to regulate the sale of intoxicating liquor," etc., approved February 27th, 1873.

The indictment was in two counts, one for selling, and the other for giving intoxicating liquor to a person named, who was in the habit of getting intoxicated.

The defendant pleaded guilty, submitted his case to the court, and was fined ten dollars. He made no objection to the indictment, proceedings, or judgment in any manner or form. He now brings his case here, and insists that the indictment is bad for various reasons, and that he can take advantage of its defects here for the first time, although he pleaded guilty and made no objection below; and he cites only *Rosenbaum* v. *The State*, 4 Ind. 599, in support of his position. That case does not in the least sustain the position taken. In that case, the defendant moved to quash the indictment, which motion was overruled, and exception taken; then the defendant pleaded guilty, and, on such plea, was fined. He brought his case here, and this court held that the indictment was bad, and that the motion to quash ought to have been sustained, and reversed the judgment for that reason. By sec. 148, 2 G. & H. 425, a defendant in any state case may appeal to this court, and we may review any decision or intermediate order made in the progress of the case by the court below. In this case, no decision or intermediate order was asked or made on the sufficiency of the indictment, which, on its face, was appar-

ently good. See *Hare* v. *The State*, 4 Ind. 241; *The State* v. *Murphy*, 8 Blackf. 498; *Hornberger* v. *The State*, 5 Ind. 300.

We hold that in this case the insufficiency of the indictment cannot be first raised in this court.

The judgment is affirmed, at the costs of the appellant.

WORDEN, J.—In this case it is assigned for error, amongst other things, that "the facts stated in the indictment do not constitute a public offence or crime of any kind." I am of opinion, that the facts stated do constitute a criminal offence, and I therefore concur in the affirmance of the judgment below. But I do not concur in the proposition that where the facts charged do not constitute an offence, the objection cannot be taken, for the first time, in this court, by such an assignment of error as is above stated.