————o————

.State of Missouri, Respondent, *vs.* Jesse W. McBride, Appellant.

1. *Criminal law—Dram shop license—Sale of liquor without—Act of* 1874, *taking effect June 1st.*—Under the act of March 20th, 1874 (Adj. Sess. Acts, 1874, p. 46), an indictment which charges defendant with selling liquor subsequent to June 1st, 1874, when said act went into effect, without a dram shop license, and which fails either generally or specially to negative the fact that defendant was authorized to sell as a druggist or otherwise, is bad. Contrawise,

where the indictment, although brought subsequent to June 1st, charges sales to have been so made prior thereto, the indictment would have been good, and proof of sales anterior to that date would be admissible.

*Appeal from Dade County Circuit Court.*

*J. F. Duckwall*, for Appellant, cited : 1 Whart. Am. Cr. Law, §§ 378, 379, 380, 614 ; State vs. Shiflett, 20 Mo. 415.

*J. L. Smith, Att'y Gen'l*, for Respondent, cited : Austin vs. State, 10 Mo. 591; State vs. Fierline, 19 Mo. 380 ; State vs. Small, 31 Mo. 197.

HENRY, Judge, delivered the opinion of the court.

Defendant was indicted at the August term, 1874, of the Dade circuit court, for selling liquor without license. The indictment charged, substantially, that on the 5th day of August, 1874, the defendant, unlawfully and willfully, sold intoxicating liquor, in a quantity less than one gallon, to-wit : one pint of alcohol, without then and there having a dram shop keeper's license. The proof was, that defendant was a druggist, and that both prior and subsequent to the 1st day of June, 1874, and within a year next preceding the finding of the indictment, defendant had sold whisky in quantities less than one gallon.

The court, after hearing the evidence, excluded all that related to sales after the first day of June, 1874.

By an act entitled "an act supplementary to chapter 98 of the General Statutes, to regulate the sale of intoxicating liquors by dealers in drugs and medicines," which took effect June 1st, 1874, druggists were forbidden to give away or sell any intoxicating liquor, in any quantity less than one gallon, without taking out license as dram shop keepers, except for medicinal purposes, upon the written prescription or certificate of a regularly practicing physician of the county, that such liquor was to be used for medicinal purposes.

The indictment charges that defendant sold the intoxicating liquor without having a dram shop license, and his counsel contends that it should also have alleged, either specially or in general terms, that he had no other authority to sell, or that, being

a druggist, he sold liquor in less quantity than one gallon, without first having a written prescription or certificate, from a regular practicing physician of the county, that said liquor was to be used for medicinal purposes.

In the case of the State vs. Brown (8 Mo. 210) the defendant was indicted for selling spirituous liquors in less quantity than one quart, to be drank at the place of sale, without then and there having a dram shop license.

The court held, Napton, Judge, delivering the opinion, that as the act of 1835, to regulate inns and taverns, was in force when the indictment was found, and by that act innkeepers were authorized to vend liquors in quantities less than a quart, to be drank at the tavern stand, it was necessary, in an indictment for the offense of selling liquors in smaller quantities, to negative the existence both of an innkeeper's license and a dram shop license. He adds : "Either license would justify the selling, and if the charge be, as it was in the indictment, that the selling took place without one or the other license, a conviction and judgment under such an indictment would be no bar to a subsequent indictment for the same offense."

If the indictment in the case at bar had charged defendant with having sold liquor in a less quantity than a gallon, without being a dealer in drugs, no one would contend that it would have been a good indictment. The right of a druggist to sell under circumstances therein stated, is secured by the act of 1874, and its provisions amount to a license to a dealer in drugs to sell under the restrictions imposed by that statute, and we can see no difference in principle between the case of the State vs. Brown and this, and the reasoning of the court there would require the pleading in this case, either generally or specially, to negative the fact of defendant being a druggist.

The exclusion by the court of the evidence in relation to sales of liquor subsequent to the 1st day of June, 1874, does not obviate the difficulty. When the indictment was preferred the act of 1874 was in force, and the offense charged was alleged to have occurred on the 5th day of August, 1874. Ordinarily, the time at which the offense is charged to have been committed is not material, and

proof of the sale of liquor at any time within one year, next preceding the finding of the indictment, is sufficient; but this, of course, presupposes that the indictment is sufficient. The circumstances here, however, make the time alleged in the indictment material. If the offense had been charged on any given day prior to the 1st day of June, 1874, it would have been immaterial, and the evidence would have been admissible to prove a sale of liquors at any time before the 1st day of June, and within a year next before the finding of indictment, but having charged it to have been on the 5th day of August, the pleader should have stated all the facts *then* necessary to make a case against the accused.

The evidence shows that defendant was a druggist, and if he had been indicted, as such, it would have been necessary to allege in the indictment that he sold the liquor without having a written prescription or certificate, of a regularly practicing physician of the county, that it was to be used for medicinal purposes. The usual allegation in indictments for selling liquor without license, is, that defendant had not "a dram shop license, or any other authority to sell intoxicating liquors, etc." It is well settled that the negation of the fact that the accused had a license or authority to sell, may be in general terms, and that in this case the pleader abandoned a form which has so often been held sufficient by this court, is singular.

The judgment is reversed and the cause remanded. The other judges concur.