Meier *v.* The State.

———————◆———————

MEIER *v.* THE STATE.

LIQUOR LAW.—*Indictment.*—*Retailing without License.*— *Who may grant License.*—An indictment for retailing intoxicating liquor without license charged, that the sale complained of had been made by the defendant, without having "procured a license therefor from the board of commissioners," etc.

*Held,* on motion to quash, that, on appeal from the decision of a board of commissioners on an application for such license, the circuit court may grant the same to the applicant, and that therefore the indictment is insufficient.

From the Randolph Circuit Court.

*J. A. Engle, L. L. Study, J. N. Templer* and *R. S. Gregory,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

Perkins, J.—Indictment for retailing without license.

Conviction, fine of twenty-five dollars, and appeal to this court.

A motion to quash the indictment was overruled, and exception taken.

The charge in the indictment is as follows:

" That one Conrad Meier, late of said county, on the 19th day of May, 1877, at said county and State aforesaid, did then and there unlawfully sell, for the purpose of gain, for ten cents, spirituous and intoxicating liquor, in a less quantity than a quart at a time, to wit, two gills thereof, he, the said Conrad Meier, not having then and there procured a license therefor from the board of commissioners of said county, contrary," etc.

Bearing upon the subject of license, our statute contains the following provisions, viz.:

" Sec. 31. From all decisions of such commissioners there shall be allowed an appeal to the circuit or common pleas court by any person aggrieved." 1 R. S. 1876, p. 357.

" Sec. 36. All appeals thus taken to the circuit or common pleas court shall be docketed among the other causes pending therein, and the same shall be heard, tried and determined as an original cause.

" Sec. 37. Such court may make a final determination of the proceeding thus appealed, and cause the same to be executed, or may send the same down to such board, with an order how to proceed, and may require such board to comply with the final determination made by such court in the premises."

There is nothing in the liquor law changing, or modifying, or at variance with, the provisions of the statute above quoted.

Taking the provisions of the liquor law and those above copied together, they show that there are two authorities from which a license to retail may, in certain contingencies, be obtained, viz., the board of county commissioners and the circuit court.

By the rules of criminal pleading, the averments in an indictment should be broad enough to negative the existence of a license from either authority. Had the indictment, in this case, alleged the sale to have been made, the seller not having a license to retail, it would have contained such negative. But that is not the averment. The averment in this indictment is, that he had not procured a license from the county commissioners. Such an averment does not negative the fact that he had a legal license to retail, but rather implies that he might have had one from the court. The averment is a negative pregnant.

The motion to quash should have been sustained.

The judgment is reversed, cause remanded, etc.