## HENDERSON v. THE STATE.

LIQUOR LAW.—*Indictment.*—*Retailing Without License.*—An indictment for retailing intoxicating liquor without license, alleging such sale to have been made by the defendant without "being licensed by the board of commissioners," etc., is insufficient.

SAME.—*Supreme Court.*—*Assignment of Error.*—*Plea of Guilty to Bad Indictment.*—*Waiver.*—The sufficiency of an indictment may be questioned for the first time in the Supreme Court, on appeal, by an assignment of error, even where the defendant, without having made a motion to quash or in arrest, or having reserved any exception, is convicted on a plea of guilty.

From the Hamilton Circuit Court.

*W. Garver* and *R. Graham*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

NIBLACK, C. J.—This was a prosecution for retailing intoxicating liquor without a license.

The essential portion of the indictment was as follows:

"The grand jury of Hamilton county, in the State of Indiana, * * * charge, that Phineas C. Henderson, late of said county, on the 20th day of August, A. D. 1877, at said county and State aforesaid, did then and there unlawfully sell to Luther Swain one gill of intox-

icating liquor, at and for the price of ten cents, he, the said Phineas C. Henderson, not then and there being licensed by the board of commissioners of Hamilton county, Indiana, to vend intoxicating liquors in a less quantity than a quart at a time."

On being arraigned, the defendant entered a plea of guilty to the indictment, and a judgment of conviction followed.

No motion was made either to quash the indictment or in arrest of judgment, and no exception was reserved to any action or decision of the court.

The appellant assigns for error here, that the indictment was not sufficient to sustain the judgment.

It is insisted on behalf of the State, that, as no objection was made to the sufficiency of the indictment, and as no exception was taken to any ruling of the court below, no question is presented for our consideration here; and the cases of *Hornberger* v. *The State*, 5 Ind. 300, *Hetzfield* v. *The State*, 6 Ind. 23, *Wheeler* v. *The State*, 8 Ind. 113, and *Stone* v. *The State*, 42 Ind. 418, are cited to sustain that position.

We are of the opinion, that these cases ought not to receive so broad a construction as that placed upon them by counsel for the State. It is unquestionably true, that no proceeding had in the court below upon an indictment can be reviewed in this court unless excepted to in the manner pointed out in the criminal code, and to that extent the cases above cited are recognized as of binding authority; but we are not prepared to hold that the question of the sufficiency of the indictment may not be first presented in this court, as in the case of complaints in civil proceedings. On the contrary, we feel constrained to hold, and do hold, that a failure to move to quash, or in arrest of judgment, does not preclude the defendant from attacking the indictment in this court by assigning error upon its alleged insufficiency, as in the case before us.

In this view, we think we are fully sustained by the

cases of *Daily* v. *The State*, 10 Ind. 536, *Reams* v. *The State*, 23 Ind. 111, and *Greer* v. *The State*, 50 Ind. 267. See, also, Buskirk Prac. 414.

The right thus recognized, of first attacking the indictment in this court, constitutes an exception to the general rule laid down in *Hornberger* v. *The State, supra.*

In the indictment in this case, it was alleged, that the appellant was not licensed by the board of commissioners of Hamilton county to vend intoxicating liquors in a less quantity than a quart at a time.

This negative allegation was not sufficient to bring the indictment within the provisions of the statute against retailing intoxicating liquors without a license. See *Meier* v. *The State*, 57 Ind. 386, which is a case precisely in point.

The indictment was therefore insufficient, and the court erred in rendering a judgment of conviction against the appellant upon it.

The judgment is reversed, and the cause remanded.