O'Brien v. The State.

O'BRIEN v. THE STATE.

LIQUOR LAW.—*Sale Without License.—Indictment.—Supreme Court.—Practice.*—An indictment for retailing intoxicating liquors without license charged the defendant with having made a certain sale, without "then and there having a license from the board of commissioners" of the county wherein the sale was made.

*Held,* that the indictment is insufficient.

*Held,* also, that the sufficiency of an indictment may be questioned, for the first time, in the Supreme Court, on appeal.

From the Benton Circuit Court.

*M. W. Walker,* for appellant.

*T. W. Woollen,* Attorney General, for the State.

NIBLACK, J.—This was a prosecution for unlawfully retailing intoxicating liquor.

The indictment charged, that John O'Brien, the appellant, on the 28th day of August, 1877, at the county of Benton, sold to one John Gillespy one half pint of intoxicating liquor, to be drank in his, the said O'Brien's, house, without "then and there having a license from the board of commissioners of Benton county to sell intoxicating liquors in a less quantity than a quart at a time, with the

privilege of allowing the same to be drank on the premises where sold."

Upon a plea of not guilty, there was a trial by a jury. A verdict was returned finding the appellant guilty as charged in the indictment, and assessing his fine at twenty dollars; an̄d a judgment of conviction was rendered upon the verdict.

Errors are assigned here, raising the question of the sufficiency of the indictment.

The indictment in the case now before us was in all respects similar to the one presented to us in the case of *Meier* v. *The State*, 57 Ind. 386, which was held to be bad because the allegation of the appellant's want of a license from the board of commissioners of Benton county was not equivalent to an averment, that he was not licensed by any competent authority, which averment is necessary in an indictment for retailing intoxicating liquor without a license, as the circuit court may, in certain cases, upon appeal, order a license to be granted; and, upon the authority of that case, the indictment in the case at bar must be held to have been insufficient to support a conviction upon it. See, also, *Henderson* v. *The State*, 60 Ind. 296.

In this latter case we held, amongst other things, that the sufficiency of an indictment might be attacked for the first time in this court, and to that decision we still adhere.

The judgment is reversed, and the cause remanded, with instructions to quash the indictment.