Hays v. The State.

No. 9701.

## HAYS v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Practice.*—The sufficiency of an indictment may be questioned for the first time in the Supreme Court.

SAME.—*Assault and Battery.*—*Assault.*—*Cases Distinguished.*—An indictment, charging that one H., on, etc., at, etc., upon one B., "feloniously, wilfully, purposely and with premeditated malice, in a rude, insolent and angry manner, did make an assault, and did then and there, against and upon the said B., feloniously, wilfully, purposely and with premeditated malice, shoot a pistol, loaded with gunpowder and leaden ball, which he, the said H., then and there held in his hands, with intent then and there, him, the said B., feloniously, wilfully, purposely and with premeditated malice, to kill and murder," contains a good charge of assault and battery, but not of an assault. *McCulley* v. *The State*, 62 Ind. 428, and *Howard.* v. *The State*, 67 Ind. 401, distinguished.

SAME.—*Self-Defence.*—*Instruction.*—It is error to instruct the jury that a party can not use a deadly weapon in his defence upon the appearance or apprehension of danger merely, where the danger is not *actual* and *substantial*; even though it be said in connection with a proper statement of the law of self-defence, given in a preceding part of the same instruction.

From the Pike Circuit Court.

*E. A. Ely*, *F. B. Posey*, *J. W. Wilson* and *C. H. Barton*, for appellant.

*D. P. Baldwin*, Attorney General, *A. H. Taylor*, Prosecuting Attorney, *J. E. McCullough* and *W. F. Townsend*, for the State.

NIBLACK, J.—At the May term, 1881, of the court below, the appellant was indicted for an assault and battery with intent to commit murder. The indictment charged, "That one William J. Hays, late," etc., "on the 17th day of March, A. D. 1881, at," etc., "did then and there, in and upon Edmond R. Broyles, feloniously, wilfully, purposely, and with premeditated malice, in a rude, insolent, and angry manner, make an assault, and did then and there, at, against, to and upon the said Edmond R. Broyles, feloniously, wilfully, purposely, and with premeditated malice, shoot a certain pistol, then and there loaded with gunpowder and leaden

ball, which he, the said William J. Hays, then and there had and held in his hands, with intent then and there and thereby, him, the said Edmond R. Broyles, feloniously, wilfully, purposely, and with premeditated malice, to kill and murder."

A jury found the appellant guilty of an assault and battery only, and assessed a fine against him 'in the sum of three hundred dollars. A motion for a new trial being first denied, judgment was rendered upon the verdict. No motion to quash the indictment was interposed in the court below, but error is assigned here in such a manner as to raise the question of the sufficiency of the indictment.

It is now well settled, that the sufficiency of an indictment may be questioned for the first time in this court by a proper assignment of error. *Henderson* v. *The State*, 60 Ind. 296 ; *O'Brien* v. *The State*, 63 Ind. 242 ; *Arbintrode* v. *The State*, 67 Ind. 267. These cases overrule the case of *Mayer* v. *The State*, 48 Ind. 122, in which a different rule of practice was recognized.

The appellant contends that the indictment did not contain a good charge of either an assault or an assault and battery, and that, hence, it was not sufficient to support the proceedings and judgment which were had below upon it. The indictment did not charge that the "unlawful attempt" to commit a violent injury on Broyles was "coupled with a present ability" to inflict such an injury. Consequently, a mere assault was not sufficiently charged. 2 R. S. 1876, p. 459 ; *The State* v. *Trulock*, 46 Ind. 289.

The statute provides, that "Every person who in a rude, insolent or angry manner, shall unlawfully touch another, shall be deemed guilty of an assault and battery." 2 R. S. 1876, p. 459, sec. 7. To constitute an assault and battery, therefore, the "touching" must not only be unlawful, but it must be done in either a rude, insolent or angry manner. 'The charge in the indictment, that the shooting was done, in

this case, "feloniously," was equivalent to an averment that it was done *unlawfully*. *Shinn* v. *The State*, 68 Ind. 423.

The charge that the appellant "did then and there, at, against, to and upon the said Edmond R. Broyles, feloniously, wilfully, purposely and with premeditated malice, shoot a certain pistol, then and there loaded with gunpowder and leaden ball," was, it seems to us, the fair equivalent of an averment that there was an actual "touching" of the person of Broyles, with a leaden ball, and that this "touching" was done, not only in a rude and insolent, but also in an angry, manner.    In this view we are either fully or inferentially sustained by the cases of *Jarrell* v. *The State*, 58 Ind. 293, *The State* v. *Prather*, 54 Ind. 63, *Sloan* v. *The State*, 42 Ind. 570, *Corneille* v. *The State*, 16 Ind. 232, and *The State* v. *Farley*, 14 Ind. 23.

But it is insisted that we can not hold the indictment good in this case without disregarding the cases of *McCulley* v. *The State*, 62 Ind. 428, and *Howard* v. *The State*, 67 Ind. 401. In the first place, the phraseology used in the description of the offences in those cases was, in some respects, different from that used for the same purpose in this case.    In the next place, the precise points argued and decided in this case were neither presented nor considered as controlling questions in those cases.    What was said, therefore, in those cases, can not properly be used as precedents against the sufficiency of the indictment before us.    The appellant's objections to the indictment in this case can not be sustained.

There was an irreconcilable conflict in the evidence as to the cause of the difficulty between Broyles and the appellant, and as to the circumstances under which a collision between them took place.    It was, however, substantially agreed that, on the evening of the 17th day of March, 1881, Broyles being on his way home from a neighboring village, and in a more or less intoxicated condition, stopped in at the house of the appellant; that the parties met upon what

seemed to be quite friendly terms ; that a quarrel soon afterwards ensued, resulting in some sort of a combat or collision between the parties ; that this combat was terminated by the appellant striking Broyles a heavy blow over the head with a pistol ; that thereupon Broyles left the house ; that after proceeding a short distance he picked up a piece of board and started to return to the house ; that, seeing an ax near by, he threw down the board, and, taking the ax in his hands, made his way towards the house ; that, about the time he reached the steps at the front door, the appellant fired upon him, inflicting some severe, but not fatal, wounds.

The principal question at the trial was, whether the shooting was done in self-defence.

The court gave to the jury an elaborately prepared series of instructions.

In its fourth instruction the court first made some general statements concerning the nature of the crime charged and the law of self-defence, concluding as follows :

"If the defendant was himself without fault, and was in danger of suffering great bodily harm, or loss of life, at the hands of Broyles, he would be excusable in shooting at and against Broyles, whether he intended to kill him or not, and even though he did not think such killing was necessary to his own safety ; or, if the defendant was himself without fault, and from the acts of the said Broyles the defendant believed, and had reasonable grounds for such belief, that he was in danger of suffering great bodily harm, or loss of life, at the hands of Broyles, the defendant would have had the right to defend himself from such apprehended danger. A shooting under such circumstances would not be unlawful, even though it should afterwards turn out that there was really no danger. But in a case where there is really no danger, and where a party acts simply upon appearances, or apprehended danger, if he uses a dangerous and deadly weapon in such a way as likely to produce death, in order

for the act to be excusable on the ground of self-defence, the danger must be substantial and urgent, and of such a character that it can not be otherwise reasonably avoided without increasing the risk ; for whenever the danger can be reasonably avoided, in such cases the law requires that the accused do avoid such apprehended danger.''

The appellant claims that the last paragraph of this instruction was inconsistent with and neutralized that which immediately preceded it, and that whether considered independently, or in connection with other portions of the instruction, it did not state the law of self-defence, as applicable to the case at bar, correctly.

The paragraph complained of impresses us as having been hastily, and probably inadvertently, given to the jury, and we have some difficulty in determining the precise meaning intended to be conveyed by it ; but, construing the paragraph to mean, as it seems to us to fairly imply, that a party can not use a deadly weapon in his defence upon the appearance or apprehension of danger merely, and can only use such a weapon when the danger is actual and substantial, we feel constrained to hold that, when taken in connection with the evidence in this case, it was calculated to confuse the minds of, and consequently may have misled, the jury.

Moore, in his work on Criminal Law, at section 853, makes the following summary of the law governing the subject-matter embraced in the paragraph under discussion : ''If the attack resisted were of such a character as to imperil life, or do great bodily harm, so imminent and pressing that a prudent man, in like circumstances, would suppose that it was necessary to take the life of the assailant to save his own, or prevent his receiving great bodily harm, and defendant, so menaced, acted in good faith, the killing is justifiable, unless more force were used than was necessary to avert the apparently impending danger ; and mere threatening actions can justify the taking of life, though it turn out that the

danger was not actual, present, urgent, or absolute." This summary of the law of self-defence is well supported by the cases and text-writers cited by the author, and is in accord with the evident weight of modern authority. See, also, Reinhard Ind. Crim. Law, 411.

It will readily be seen that the law of self-defence, as given to the jury by the paragraph of instruction objected to, was in conflict with the doctrine on that subject summarily stated as above by Moore, and was, in consequence, not well supported by the authorities. Error, therefore, intervened at the trial, for which the judgment will have to be reversed.

We have not considered other questions discussed by counsel, as they may not arise upon another trial.

The judgment is reversed, and the cause remanded for a new trial.