## THE STATE v. McADOO, *Appellant.*

1. **Druggist Selling Liquor :** INDICTMENT NOT MULTIFARIOUS. An indictment in one count charged the defendant, a druggist, with unlawfully selling intoxicating liquor in a quantity less than one gallon, to-wit: one gill of whisky for five cents, one gill of brandy for five cents, one gill of wine for five cents, one gill of gin for five cents, and also with allowing the liquor to be drunk on the premises. *Held*, not multifarious.

2. ————. An indictment under the act of 1877, (Sess. Acts 1877, p. 342, § 1,) against a druggist for unlawfully selling intoxicating liquor, is bad unless it expressly avers that it was not sold for medicinal purposes.

3. ————: DRINKING ON THE PREMISES. The fact that liquor sold by a druggist is drunk by the purchaser on the premises, does not render the druggist liable to the penalties of this act, unless it is shown that the drinking was done with his knowledge and consent.

*Appeal from Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Crosby Johnson* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

PHILIPS, C.—At the June term, 1879, the defendant was indicted for selling liquor as a druggist, and for permitting the same to be drunk on his premises. The indictment is as follows : " The grand jurors, etc., present that one James McAdoo, late of the county aforesaid, on or about the 10th day of June, 1879, at and within Caldwell county, being then and there a dealer in drugs and medi-

cines, then and there unlawfully did sell to one L. B. Clevenger, and divers other persons, to these jurors unknown, intoxicating liquors in a certain quantity less than one gallon, to-wit: one gill of whisky for five cents, one gill of brandy for five cents, one gill of wine for five cents, one gill of gin for five cents, without taking out a license as a dramshop keeper, and without having any license or legal authority to authorize him to so do, and did then and there unlawfully and willfully allow the said intoxicating liquors to be drunk upon the premises where it was sold, against the peace and dignity of the State."

To this indictment the defendant demurred for the reason that the indictment does not state facts sufficient to constitute an offense, because it does not aver that the liquor was not sold for medicinal purposes. The demurrer being overruled, he filed a motion to quash for the same reason, with the additional ground that the indictment is multifarious. This the court also overruled.

At the trial the State introduced said Clevenger as a witness, who testified: "About the 10th day of June, 1879, I bought a half pint of whisky from the defendant at his store in Hamilton. Defendant was a druggist. I told him I wanted it for medical purposes. I was sick at the time and my physician had prescribed whisky and rock candy. I so told defendant; drank some of the whisky on defendant's premises; got liquors there more than once; may have drunk some at other times on the premises. Cross-examined. Defendant did not give me any permission to drink on his premises; I did not ask his consent; went into the back room to drink; do not know that he knew I was drinking any there. He told me that I must not drink on the place, that it was contrary to law, and that he could not suffer it. I used the liquor as a medicine."

Defendant testified as follows: "I remember selling witness some liquor about the 10th day of June, 1879. He told me he was sick and wanted it for medicine. I did not know that he was going to drink it on the premises; spoke

of the law prohibiting its being drunk there, and said that I could not allow its being drunk there; don't know that any of it was used there; did not see Clevenger drink any of it. He may have drunk some of it, but if he did so it was without my knowledge or consent." This was all the evidence.

Defendant asked declarations of law as follows, all of which the court refused :

1. If the court finds from the evidence that the witness Clevenger, at the time he got the liquor of the defendant, represented that he was unwell and that he wanted the liquor for medical purposes, and that his physician had prescribed the liquor for his ailment, and defendant sold the liquor under said representations and for said purposes, the court cannot convict the defendant of having unlawfully sold the liquor.

2. Although the defendant may have sold the witness Clevenger liquor, which said witness drank on defendant's premises; yet unless the court finds that it was sold for the purpose of being drunk upon the premises, or unless it finds that the defendant gave his consent to its being drunk on the premises, it will find for defendant.

3. Even if the liquor sold by defendant to the witness was drunk on defendant's premises in defendant's presence and with his knowledge, yet if the court finds that defendant remonstrated against its being drunk on his premises, the court will find for defendant, unless the court further finds that it was sold by defendant for the purpose of being drunk on the premises, or unless he gave his consent to the same being drunk there."

The court, sitting as a jury, found the defendant guilty and assessed a fine of $40. From this judgment the defendant appeals.

I. The indictment is not obnoxious to the objection of multifariousness. *State v. McGrath*, 73 Mo. 182; *State v. Klein*, 78 Mo. 627.

II. The indictment was drawn under section 1, Laws

of Missouri 1877, page 342. This section embraces two
distinct offenses: one for selling intoxicating liquors in
quantity less than one gallon, without taking out license as
a dramshop keeper, "except for medicinal purposes;" the
other for drinking intoxicating liquor on the premises where
sold. Under an indictment properly drawn, a party may
be convicted of either of these offenses. *State v. Reiley*, 75
Mo. 521; *State v. McMurtry*,* decided last term. The in-
dictment is bad under the first ground mentioned in said
section, for the reason that it does not negative the excep-
tion that it was not sold for medicinal purposes. *State v.
Brown*, 8 Mo. 210; *State v. McBride*, 64 Mo. 364; *State v.
McMurtry, supra.*

But the indictment is good in defining the offense of
drinking the liquor on the premises.

III. The fact that the court, after rejecting all the in-
structions asked by the defendant, found him guilty, would
indicate that the court entertained the opinion that the
offense under this section was complete, from the simple act
of the purchaser of the liquor drinking it on the premises.
The literal wording of the statute might give color to such
a rigid construction. But it is not to be entertained that
the legislature so intended. Such a construction would be
violative of fundamental principles in our criminal juris-
prudence. The intent—the motive—is the gist of the crime.
A literal rendering of the statute would make a druggist
liable for the misdemeanor, although he sold the liquor in
good faith for medicinal purposes and forbade the party
from drinking the same on the premises, but who, in spite
of the protestation and in contempt of the positive mandate
of the druggist, would drink in his house. The drinking
on the premises, to constitute the offense, must be done
with the knowledge and assent of the proprietor. This
knowledge may be inferred from facts and circumstances,
as the assent may be inferred from the fact of his knowl-

---

*Not furnished the reporter for publication.

edge and failure to prevent it. If the witnesses who testified in this case for the State, as well as for the defendant, are to be credited, and there is nothing in the record calculated to discredit the truth of their statements, the liquor in question was not drunk on defendant's premises with his knowledge or consent. If so, he was not guilty under the second assignment in the indictment.

The second instruction asked by defendant should have been given, or its equivalent, as indicated in the foregoing opinion.

The judgment of the circuit court is reversed and the cause remanded for further proceeding in conformity with this opinion. All concur.