Pattee v. The State.

Filed Feb. 19, 1887.

No. 13,507.

PATTEE v. THE STATE.

CRIMINAL LAW.—*Affidavits.*—*Appeal.*—*Record.*—*Recital of Clerk.* — Affidavits can not be made part of the record by a mere recital of the clerk.
SAME.—*Plea of Guilty.*—*Refusal to Permit Withdrawal.*—*Discretion.*—In the absence of a showing that there was an abuse of discretion, the refusal of the trial court to permit the withdrawal of a plea of guilty will be upheld.

VOL. 109.—35

SAME.—*Information.*—*Supreme Court.*—*Assignment of Error.*—*Practice.*—The sufficiency of an information may be questioned for the first time in the Supreme Court by an assignment of error, but only on the ground that it does not charge a public offence.

SAME.—*False Pretences.*—*Information.*—It is necessary to the validity of an information for obtaining money by false pretences, to aver that the pretences upon which the money was obtained were false.

From the Madison Circuit Court.

*W. A. Kittinger, L. M. Schwinn* and *E. B. McMahan,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

ELLIOTT, C. J.—On the 20th day of March, 1886, the appellant entered a plea of guilty to the information filed against him, and, on the 23d day of that month, judgment was pronounced. On the 30th day of the same month, the appellant asked leave to withdraw his plea of guilty, but the court denied his request.

The record recites that an affidavit was filed by him, but as it was not made part of the record in any legal method, it can not be examined by us. Affidavits can not be made a part of the record by a mere recital of the clerk.

We can not say that the court erred in refusing to permit the appellant to withdraw his plea of guilty. The presumption is in favor of the ruling of the court, and in the absence of a clear and strong showing that there was an abuse of discretion, the ruling must be sustained.

An information may be assailed for the first time by the assignment of errors. *Henderson* v. *State,* 60 Ind. 296; *O'Brien* v. *State,* 63 Ind. 242. But the only ground upon which such an attack can be successfully maintained is, that the information does not charge a public offence. Mere uncertainty or inaccuracy in charging the offence will not be sufficient, for the assignment of errors does not perform the same office as a motion to quash. *Trout* v. *State,* 107 Ind. 578. The question in this case, therefore, is, does the

information charge a public offence? In our opinion it does not, for the reason that it does not negative the representation upon which it is alleged the appellant procured money from James Bain. It is indispensably essential to the validity of an information for obtaining money by false pretences to aver that the pretences upon which the money was obtained were false. The offence can not exist without this essential element.

Judgment reversed, with instructions to quash the information.

Filed Feb. 18, 1887.