ROBERT BOUBEL v. THE STATE.

No. 5750.    Decided May 12, 1920.

1.—Hunting—Firearms—Enclosed Land—Information.

Where, upon trial of hunting with firearms upon the enclosed and posted lands of another, the complaint and information did not allege who was in charge of said land or the want or consent of the owner or agent, etc., the same was insufficient, besides, the testimony was not sufficient to support the conviction.

2.—Same—Statutes Construed—Information—Rehearing—Insufficiency of Evidence.

There are two statutes with reference to hunting upon the enclosed lands of another, and the information must charge either one or the other, and if this prosecution was brought within the definition of pastures of two thousand acres or less, the same was fatally defective, as it failed to a negative want of consent of all the parties named in the statutes. Following Holtzgrasft v. State, 23 Texas Crim. App., 404; besides, the allegations in the information were not sustained by the proof.

Appeal from the County Court of Maverick. Tried below before the Honorable W. A. Bonnett.

Appeal from a conviction of unlawfully hunting upon the enclosed land of another; penalty, a fine of one dollar.

*Ben V. King,* for Appellant.—Cited: Haworth v. State, 168 S. W. Rep., 859.

*Alvin M. Owsley,* Assistant Attorney General, and *David E. Hume,* County Attorney, Maverick County, for the State.—Cited: Berry v. State, 156 S. W. Rep., 626, and cases cited in opinion.

DAVIDSON, Presiding Judge.—The charging part of the complaint and information is as follows: that appellant "did then and there unlawfully and knowingly hunt with fire-arms upon the enclosed and posted lands of the J. M. Chittim Estate, said enclosed land then and there being leased from said J. M. Chittim Estate by G. Davidson, without the consent of the owner, lessee, proprietor, agent in charge thereof, or any other person, such enclosed lands then and there being used for grazing purposes, having cattle grazing thereon."

Exception was reserved to the pleading, which was overruled by the court. It is not alleged who was in charge of the Chittim estate, or alleged to be the owner of the property leased to G. Davidson; nor does it undertake to allege the want of consent of whoever was the owner of the Chittim estate by reason of having control and possession of it. Except in the most general way it does not allege want of consent of G. Davidson, if he was the lessee or proprietor; nor does it allege any agent of Davidson who may have been in possession of the property or in charge of it, or want of consent of any one in actual possession. Under our statute and decisions it would seem to be necessary to charge, where there is a special ownership, the name of such owner, and whatever is necessary to be charged in connection with that ownership. This prosecution was filed under Article 1255-a, 1 Vernon's Ann. Statutes, and Article 2278, Branch's Ann. P. C. It is always necessary to charge in the pleadings sufficient allegations to meet the proof to be had upon the trial. Under the cases in Texas the pleadings are insufficient. It may be further noticed that the evidence shows the property did belong to the Chittim estate, but it does not

show who was in control and in charge of the Chittim estate. Williams testified that at the time of the trial he was sheriff and tax collector of Maverick county, and that prior to his election to said office he was manager of the Chittim ranch interests in Maverick County; that these are the same lands now owned by the heirs of J. M. Chittim, and the land was enclosed in quite a number of different pastures (the witness sets out the names of several of the pastures), and that each pasture contains land in excess of two thousand acres, and were all fenced under different fences, and that the whole number of acres that belong to the Chittim estate and as leased by G. Davidson amount to over one hundred and seventy thousand acres. Singleton testified for the State, that he was foreman of the G. Davidson ranch interests in Maverick County, and had been so for fourteen or fifteen years. He also testified that G. Davidson is the lessee of all the J. M. Chittim estate lands in Maverick County, including the Indio pasture; that these lands were used for grazing purposes.

The State relied upon the fact that appellant was hunting in the Indio pasture. Davidson did not testify, therefore his want of consent was not shown. Singleton testified he did not give his consent. Singleton's name is not mentioned in the complaint or information as having charge of the property, therefore his want of consent does not assist the State's case. It would have been necessary, if they relied upon possession of Davidson, to allege his possession and show that he did not give his consent to hunt on the premises. If Davidon was not in possession but Singleton was as special owner, it would be necessary to charge in the complaint and information such fact and negative want of consent of Singleton. The witness Salinas testified he was in charge of the Indio pasture as its manager. This is the pasture where the hunting was supposed to have occurred, and that he did not give his consent for appellant to hunt in this pasture, but his name is not mentioned in the information or complaint. So whether we view it from the standpoint of the sufficiency of the complaint and information to charge the offense, or view it from the testimony supporting the case as charged, this record does not authorize an affirmance. We are of opinion that the complaint and information are insufficient, and that the evidence does not sustain such allegations as are made. From any view point of the record this judgment must be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

ON REHEARING

May 12, 1920.

DAVIDSON, PRESIDING JUDGE.—The charging part of the information is set out in the original opinion. The complaint and information were held defective. There are two statutes with reference to hunting upon the enclosed lands of another. It is not clear to the mind of the writer under which statute the pleader undertook to charge this offense He does charge that hunting was done upon posted and enclosed lands of the Chittim estate, leased from said estate by G. Davidson, "without the consent of the owner, lessee, proprietor, agent in charge thereof, or any other person." This brings it within the definition of pastures of two thousand acres or less as defined by the statute. If the prosecution was brought under that statute, then under the Holtzgraft case, 23 Texas Crim. App., 404, it is fatally defective. It was decided in that case as follows: "To be valid under this statute, the information should expressly negative want of consent of all the parties named in the statute, and a failure to do so will render it invalid." It will be noticed that the names of the proprietor and agent in charge are not stated and their want of consent not negatived. There is a general statement that the Chittim estate owned the property; that Davidson had leased the property, but there is no allegation of the names or want of consent of the agent in charge as required by the statute. The general statement without the consent of the owner or lessee, tenant, etc., is not sufficient under the Holtzgraft case, *supra*, nor under the state. The theory of the motion for rehearing is that by alleging Davidson as the lessee, followed by the want of consent of the owner, lessee, etc., applied only to Davidson, and that all of those relations to the property were concentrated in him by reason of such general allegation. To sustain this conviction would be in the face of the Holtzgraft case above cited. Davidson could not be the owner, and at the same time such lessee or agent of himself, or his own agent in charge of the property. If he sustained the relation of lessee he might be considered, in a general way, the owner for the time being, or during his lease. If we go to the statement of facts we find the Chittim estate to be the owner of the property, but who they were is not stated. If it was necessary to prove want of consent of the real owner, then appropriate allegations should have been made. If we treat the ownership as being in the Chittim estate, then we would have Davidson only as lessee of the property. The name of the heirs, or manager of that estate is omitted. Davidson could not be owner and his own lessee, or his own agent in charge. If treated as lessee he would be so by virtue of his lease contract, but under no circumstances could he be his own agent in charge. He is

not alleged to be the proprietor. The name of the agent in charge is not alleged.

It will be noticed also that the complaint and information allege generally that the lands were posted and enclosed, but it does not allege under which statute, whether under that applicable to two thousand acres or less, or the statute with reference to two thousand acres or more. If there is an inference to be drawn that it was above two thousand acres, it is only by reason of the general allegation that it was posted and enclosed lands of another, but all the averments in the complaint and information apply to lands of two thousand acres or less. Pleadings of this character are entirely too indefinite. It is not sought to aver the case under any other statute. There are different definitions and punishments fixed in reference to hunting upon lands of another as set forth in the two statutes, one applicable to two thousand acres or less, and the other to two thousand acres or more, but which ever statute is selected as a predicate for prosecution, its terms must be complied with in charging the offense. The party prosecuted for violations of a statute must be placed upon notice by the pleadings of what he is to be prosecuted and under what statute or legislative act.

We find that in the former opinion it was stated that Davidson's consent was not shown. Upon a closer inspection we find that his want of consent was sufficiently shown. But the testimony excludes the fact that he was in possession. It does show that he had leased the property from the Chittim estate, but the State's evidence shows that Singleton was in full charge and management of the property, had general control of the ranch and of the property that had been leased by Davidson, and so far as this record is concerned Davidson is not otherwise connected with the property except as lessee. Singleton was in charge of the property, but he is not mentioned in the complaint and information, nor is his want of consent in any way negativized. Another witness testified to the effect that he was practically in charge of the particular pasture upon which the hunting is said to have occurred. If he was the "agent in charge" of that pasture, then his want of consent should have been negativized. Singleton was in general charge and control of the entire leased property which consisted of over 179,000 acres. The pasture where the hunting occurred was fenced off from all the other pastures, about a dozen in number. It is true that Singleton testified to his want of consent, but this was not set out or mentioned in the complaint and information. We are still of opinion that the complaint and information are defective and do not comply in allegations with the terms of either statute, that with reference to two thousand acres or less, or two thousand acres or more, upon which hunting is forbidden.

Believing there is no substantial merit in the motion for rehearing it is overruled.

*Overruled.*