## KING v. STATE OF INDIANA.

[No. 23,950.    Filed November 1, 1921.]

1. CRIMINAL LAW.—*Appeal.—Waiver of Error.—Briefs.*—An assignment of error to the overruling of the motion for new trial will not be considered on appeal, where no point is addressed thereto in appellant's brief nor reference made to such assignment in the argument contained in the brief. p. 307.

2. CRIMINAL LAW.—*Indictment.—Sufficiency.—Initial Attack on Appeal.—Statutes.*—The sufficiency of an affidavit upon which defendant was convicted cannot be questioned for the first time on appeal for failure to state the time of the alleged offense, in view of §348 Burns 1914, Acts 1911 p. 415, concerning methods of objection and waiver of objections if not made as specified in such statute. p. 307.

From Marion Criminal Court (51,155); *Romney L. Wilson,* Special Judge.

Prosecution by the State of Indiana against James J. King. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Frank A. Symmes* and *Frank S. Roby,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TRAVIS, J.—This was a prosecution for violation of the Prohibition Law, ch. 4, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918. There were two affidavits filed, one of which consisted of four counts numbered 1, 2, 3 and 4 respectively, and the other of four counts, numbered 2, 3, 4 and 5 respectively. There was a trial by the court, without a jury, which resulted in a finding of guilty, as charged in count 2, without designating upon which of the counts numbered 2 it was based. Judgment was rendered upon the finding.

Defendant moved for a new trial, which was overruled, and he then appealed, assigning as errors: (1.) The affidavit did not state facts sufficient to constitute

a public offense; and (2.) for overruling the motion for a new trial.

1.  No point is made in appellant's brief which relates to the second assignment of error, neither is it referred to in his argument, for which reason that alleged error is not considered upon appeal.

It is unnecessary to recite the evidence, or to quote the several counts of the affidavits, or any of them, to appreciate the question to be decided.

2.  The count numbered 2, which is objected to by appellant, states no time at which the alleged crime was committed, or within which period of time it was committed; it is silent as to time. The objection that it does not state a public offense rests upon the theory that to constitute an offense, it must be brought within the statute of limitations.

The affidavits were not questioned in the trial court, either by a motion to quash the affidavits, or by a motion to arrest the judgment; but the attack is first made in this court, resting upon the authority as given in the opinion in the case of *Henderson* v. *State* (1878), 60 Ind. 296, and the opinions of cases which followed it. *O'Brien* v. *State* (1878), 63 Ind. 242; *Arbintrode* v. *State* (1879), 67 Ind. 267, 33 Am. Rep. 86; *Burroughs* v. *State* (1880), 72 Ind. 334; *Hays* v. *State* (1881), 77 Ind. 450; *Pattee* v. *State* (1887), 109 Ind. 545, 10 N. E. 421.

The question for decision is whether or not the sufficiency of the instrument which charges the offense may be first raised upon appeal by an assignment of error.

In the history of the earlier jurisprudence of this state, it was the rule of appellate procedure that causes should not be reversed on questions not raised in the *nisi prius* courts, even though the question be the sufficiency of an indictment. *Hornberger* v. *State* (1854),

5 Ind. 300; *Hornberger* v. *State* (1854), 6 Ind. 32; *Mayer* v. *State* (1874), 48 Ind. 122.

There was an abrupt change in the rule, as announced in the opinion of the case of *Henderson* v. *State, supra,* which was followed by the opinion of the case of *Hays* v. *State, supra,* and which definitely overruled the opinion of the case of *Mayer* v. *State, supra.*

Whatever the theory was for permitting an indictment, information or affidavit to be first questioned upon appeal, as apparently settled by the opinion in the case of *Henderson* v. *State, supra,* and by other cases to the time of the opinion of the case of *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929, the legislature settled and changed this practice by its act, §3, Acts 1911 p. 415, §348 Burns 1914.

The former practice, as announced in *Henderson* v. *State, supra,* had no foundation in common law, but, as stated by Mr. Justice Cox, in *Robinson* v. *State, supra,* "grew out of the analogy between a complaint in a civil action and an indictment or information in a criminal one."

The change in the practice is well treated in the opinions of this court since the enactment of the act, Acts 1911 p. 415, *supra,* and further discussion is deemed unnecessary. *Hay* v. *State* (1912), 178 Ind. 478, 98 N. E. 712, Ann. Cases 1915C 135; *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117; *Robinson* v. *State* (1916), 184 Ind. 208, 110 N. E. 980; *Scherer* v. *State* (1917), 187 Ind. 15, 116 N. E. 52.

The question whether or not the affidavits were sufficient to withstand a motion to quash, or a motion in arrest of judgment, is not decided by this opinion.

Judgment affirmed.

Myers, J., absent.