# FEBRUARY, 1925.

---

### JIM WIGGINS v. THE STATE.

No. 8560. Delivered February 11, 1925.

**Violating Tick Law—Information—Defective.**

Where the statute names certain acts as penal, when done within certain accompaniments, an indictment, charging such violation of the law, must negative the existence of the predicate conditions. The information in this case having failed to allege that appellant moved his cattle, without the written permit of the United States Bureau of Animal Industry, is fatally defective and the cause is reversed and dismissed.

Appeal from the County Court of Cherokee Count. Tried below before the Hon. J. J. Bolton, Judge.

Appeal from a conviction of violating the tick law; penalty, a fine of one dollar.

The opinion states the case.

*Norman, Shook & Gibson,* of Rusk, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Cherokee County of violating the tick law, and his punishment fixed at a fine of one dollar.

When the statute names certain acts as penal when done without certain accompaniments, an indictment charging such violation of the law must negative the existence of the predicate conditions. Holtzgraff v. State, 23 Texas Crim. App., 404; Boubel v. State, 87 Texas Crim. Rep., 360, sustain the proposition that an indictment charging that one has hunted in the enclosed and posted lands of another must allege that it was without the consent of the owner, the proprietor or the agent in charge, and it is not sufficient that such hunting was without the consent of the owner. In Lantznester v. State, 19 Texas Crim. App. 320, it is held that when charging one with selling or giving liquor to a minor without the consent of the parent or guardian, as forbidden by statute, the indictment must allege that such gift or sale was without the consent of the parent or guardian, and that it is not sufficient to say that it was without the consent of the parent. This same holding appears in Emerick v. State, 35 Ark., 324.

In Meier v. State, 57 Ind., 386, it is held that the indictment must negative the possession of any character of license under which the sale charged to have been made, was permitted, the law forbidding such sales without having one of several named licenses. This holding is approved in Herdon v. State, 60 Ind., 296, and O'Brien v. State, 63 Ind. 242. To the same effect is the holding in The State v. McBride, 64 Mo. 364. In State v. Pitzer, 23 Kans., 250, it is held that, where sales are only allowed in case licenses be had of certain kinds that the indictment must negative the possession of any such licenses. In Newman v. State, 63 Ga., 533, appears the statement that an indictment is bad if, admitting the truth of all the allegations, the accused may still be innocent under the law involved. This is approved in Thompson v. State, 37 Ark., 408, where one was prosecuted under a law forbidding a sale without a prescription given by a graduate physician or a regular practitioner of medicine. The court held bad an indictment which only alleged

a sale without prescription given by a graduate physician. See also, State v. Holden, 15 Mo. 311; Davis v. State, 39 Ala., 521.

In the tick eradication statute involved in the instant prosecution, viz.: Sec. 11, Acts 35th Legislature, Regular Session, it is provided that no person shall drive, etc., cattle, etc., located in quarantine territory into any other quarantine territory, etc., without the written permit of an inspector of the Live Stock Sanitary Commission of Texas or the United States Bureau of Animal Industry. To legally charge one with violating this law the State's pleading should allege that the moving of the animal was without the written permit of either an inspector of the Live Stock Sanitary Commission of Texas, or of the United States Bureau of Animal Industry. This the information in the instant case did not do, it being only alleged that appellant moved his cattle without obtaining a written permit from an inspector of the Live Stock Sanitary Commission of Texas. In refusing to quash the information on the ground that it failed to charge an offense, the learned trial judge fell into error. The case being disposed of under this view, it will not be necessary to discuss the other errors complained of.

The judgment will be reversed and the prosecution ordered dismissed.

*Dismissed.*