ARTHUR LEHMANN v. THE STATE.

No. 16531. Delivered May 2, 1934.

The opinion states the case.

*David E. Hume,* of Eagle Pass, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction under article 1377, P. C. 1925, as amended by Chapter 26, Acts Second Called Session of 41st Legislature; punishment, a fine of ten dollars.

We think the averments of the complaint and information of such character as to make it difficult, if not impossible, for the State to support by proof the case made by its pleadings. It is alleged that appellant entered and hunted upon the enclosed lands of the estate of J. M. Chittim, deceased, same being then and there leased to Hal Mangum, and being under the control of Green Bowles, agent in charge, and did then and there hunt thereon with firearms without the consent of the said Chittim estate, owner and proprietor, and without the consent of Hal Mangum, lessee, and without the consent of said Bowles, agent in charge. Other averments seem in line with the language and requirements of said amended article, supra.

Manifestly it would be impossible to show that the entry and hunting was without the consent of an estate, to-wit: the Chittim estate, and any reference to said estate was, in our opinion, unnecessary. We also think it unnecessary to allege that the entry and hunting was without the consent of Mangum, lessee, inasmuch as it is further alleged that the enclosed lands were entered and hunted upon without the consent of Green Bowles, agent in charge. In our opinion it would be sufficient in this character of case to charge in the indictment, etc., that the accused entered and hunted upon the enclosed lands of another, to-wit: lands then and there under the control and management of the special owner, whoever he might be, who had the land in his actual care, control and management,—Green Bowles in the instant case. If in fact the accused did hunt, or claimed to have done so, with the consent of some person authorized to give such consent other than the party in actual charge of the property, such consent should properly be offered and established by the accused as a matter of defense. We deem it not necessary to set out in the indictment that the entry and hunting was upon the lands of an estate, or upon the lands of the lessee, when the facts are as they appear in this case.

As applied to the instant case, however, we are not prepared to say that having alleged the offense with unnecessary particularity, the State can be excused from the necessity of meeting its averments by proof. There is nothing in the record going to show that the hunting in this case was without the consent of the Chittim estate, and likewise nothing to show that it was without the consent of the lessee, and we might also further observe there is nothing to show that the hunting was without the consent of Green Bowles, the person who was in the actual care, control and management of the property. The statement of facts is exceedingly short, and very unsatisfactory. While the trial judge might have been justified in the inference that appellant was engaged in hunting in the enclosed lands mentioned because of the fact that he was seen inside of such enclosure with a gun during the hunting season, it was manifestly improper to admit, over objection, testimony of witnesses Franks and Bowles as to instructions that had been given them by Mangum. Such testimony was necessarily hearsay.

The law deemed broken by this appellant has been materially changed since we wrote in the case of Boubel v. Sate, 221 S. W. 290, and much there said has no application to the case before us. We there held that in order to properly charge the offense comprehended, it would be sufficient to allege that the enclosed

lands so hunted upon were at such time under the care, control and management of him who then had control of same, and to further allege that the hunting etc., was without his consent, and that the case could be made out by proof of such facts subject to the right of the accused to show consent of some person clothed with some interest in the property, or authority to give consent to his hunting. There is nothing in the present statute in reference to the quantity of land in such enclosure.

For the reason that the testimony is insufficient to support the case made by the pleadings, it would necessarily follow that the judgment should be reversed and the cause remanded, and it is so ordered. Since, however, as we have above suggested, it would seem impossible to meet the averments of the complaint in this case by proof, it would apparently be necessary if there be another trial, to proceed upon a different complaint. The complaint in this case fails to charge that Green Bowles, the agent in charge, had the actual care, control and management of the property, which would seem to be a necessary allegation.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*