FREEDIE MOWELS V. STATE.

No. 24013. April 14, 1948.
Rehearing Denied May 19, 1948.

136

Hon. R. F. Crawford, Judge Presiding.

*G. C. Jackson,* of Crystal City, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted in the County Court of Zavala County of the offense of hunting on the inclosed land of another without the consent of the agent in charge thereof and his punishment was assessed at a fine of $25.00.

His first complaint relates to the court's action in declining to sustain his motion to quash the complaint and information. The information which follows the language of the complaint, omitting the formal parts, reads as follows: "That on or about the 29th day of November, A. D. 1947, and before making and filing of this complaint, in the County of Zavala, and State of Texas, one Freedie Mowels did then and there enter upon the inclosed land of the S. E. McKnight estate without the consent of Ab White, then and there the agent in charge thereof, and did then and therein hunt with firearms; the said Ab White not having, within a period of one year from said date, leased or rented said land for hunting, fishing or camping privileges, where he received or contracted to receive more than twenty-five cents per acre per year or less for such hunting, fishing, or camping privileges, or charged more than $4.00 per day per person for such hunting, fishing or camping privileges thereon; against the peace and dignity of the state." We do not agree with this contention. The complaint and information follow the language of the statute and the form prescribed in Wilson's Texas Forms, No. 621, page 368.

In his next contention, he claims that Art. 1377 of Vernon's Ann. P. C. is unconstitutional because the caption of the orig-

inal act of the legislature does not embrace the wording or meaning of said article. The caption of the original act passed by the Second Called Session of the 41st Legislature, being House Bill No. 171, Chapter 26, pages 41 and 42, which reads as follows:

"An act to amend Section 1 of House Bill 196, passed at the First Called Session of the 41st Legislature, amending Article 1377 of the Penal Code of the State of Texas, providing for a more efficient law prohibiting hunting, fishing or camping on the inclosed land of another without the consent of the owner, providing that this Act shall not apply to any inclosed lands which are leased or rented for hunting, fishing or camping privileges for a greater sum than twenty-five cents per acre per year or any part thereof, or where the owner, his agent or representative has charged more than $4.00 per day per person for the privilege of hunting thereon; providing for a penalty for the violation thereof; and providing for the arrest of such persons; repealing Article 1378 of the Penal Code of the State of Texas; and declaring an emergency."

His next contention is that the law is unconstitutional because, (a) it denies him the constitutional right to "Keep and bear arms," and (b) the punishment prescribed by the law is cruel and unusual in that it provides for the forfeiture of his hunting license for a period of one year. We do not agree with appellant on any of his contentions because he is not charged with unlawfully keeping or bearing arms. He was charged with entering upon the inclosed lands of another and there hunt with firearms without the consent of the owner. He was a trespasser and the legislature had a right to pass a law to protect the owner of inclosed lands in the peaceful enjoyment thereof. It occurs to us that the State, under Section 23 of Article 1 of the Constitution, has the right to regulate the wearing of arms and the State, under its police power, has a right to regulate the right to hunt. His license to hunt is a privilege granted to him so long as he observes and respects the conditions upon which that privilege is accorded to him and when he fails to comply with the conditions thereof, that privilege may be revoked and withheld from him. The mere fact that his hunting license is revoked does not deny him the right to keep and bear such firearms as are permitted by law.

He also contends that the caption of the act does not contain the word "agent" but only the owner; that therefore the agent could not deny or grant another the privilege to hunt on the inclosed lands of which he, the agent, was in possession and

over which he had the control and management. The agent in charge of inclosed lands is deemed in law to be a special owner and therefore the caption containing the word "owner" is sufficiently comprehensive to not only include the actual but also the special owner. In the case of Lehmann v. State, 126 Tex. Cr. R. 212, we held that if the accused did hunt or claimed to have done so, with the consent of some person authorized to give such consent other than the party in actual charge of the property, such consent should be offered and established by the accused as a matter of defense. No such defense was interposed here.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant says, "The State did not prove, even orally, that the lands were owned by the McKnight estate."

The chief witness for the State was Ab White who was in charge of the property. He testified that he was employed as manager of the S. E. McKnight estate ranch; that it is composed of fourteen thousand acres, three thousand of which are in Dimmit County and the balance in Zavala County. We quote from his testimony, further: "On the 29th day of November, 1947, I was riding in what we call the Fish Hook pasture, which is a part of the McKnight Estate ranch in Zavala County, when I encountered the defendant, Freedie Mowels and a companion. They each had a rifle. This pasture of the McKnight Estate is enclosed with a fence." We think the foregoing definitely states that the offense was comitted on the McKnight estate in Zavala County.

The other questions raised are sufficiently discussed in the original opinion. Appellant's motion for rehearing is overruled.