THE STATE, *Appellant*, v. BRADLEY.

**Obtaining Goods under False Pretenses.** An indictment for ob-
taining a stock of goods in exchange for a tract of land under
false pretenses, charged that defendant *designedly*, feloniously and
falsely pretended that he was the owner of the land, and averred
that in truth and in fact he was not the owner; but did not charge
that he knew he was not the owner; *Held*, that this was a fatal de-
fect; the *scienter* should have been expressly averred; the use of
the word "designedly" did not dispense with it.

The indictment also charged that defendant pretended that he had
an abstract which showed a perfect title in himself; but there was
no averment that he did not have such an abstract; *Held*, that the
absence of this averment was fatal, and the defect was not supplied
by an averment that defendant well knew the abstract to be im-
perfect, and untrue in showing that he had title. If such was the
fact, the abstract should have been set out as a false token or writ-
ing, and the defendant should have been charged with design-
edly, feloniously and falsely pretending that it was a true abstract,
and correctly represented the title to be in him; and this charge
should have been accompanied by a proper negative and an aver-
ment of the *scienter*.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS,
Judge.

This was an indictment for obtaining goods by false
pretenses. It charged that the defendant, Bradley, con-
triving, designing and intending to cheat and defraud one
Elijah T. Austin of his stock of goods, wares and merchan-
dise, did apply to and request the said Austin to sell and
barter to him a certain stock of general dry goods and gro-
ceries in exchange for a tract of land, and to induce the
said Austin to sell and barter said stock,   *   *
and to effect his said design and intent to cheat and defraud
the said Austin, he the said Bradley, did then and there
designedly, feloniously and falsely pretend to the said Aus-
tin, that he, the said Bradley, was then and there the owner
in his own right in fee, of 160 acres of land, being, &c.,
and that he had an abstract of said land prepared by one
Saunders, and that said abstract showed a good and per-

fect title in fee to said land to be in him, the said Bradley; and the said Austin believing the said false pretenses and representations     *     *     to be true, and being deceived thereby, and induced by the said false pretenses and representations aforesaid to sell,     *     *     the said stock of general dry goods and groceries,     *     * which the said Bradley agreed and promised then and there to pay for at once by exchange of said land herein, described, which said land by request of said Austin, the said Bradley was to convey by a deed of quit-claim to Frances J. Austin, the wife of said Elijah T. Austin, and which said deed purporting to convey a title in fee to said land, was then and there made and delivered by said Bradley to said Austin, to have and to hold for the use of his wife, the said Frances J.; that the said Bradley, by means of the said false pretenses and representations, so made as aforesaid, unlawfully, feloniously and designedly did obtain and receive of and from him, the said Austin, the said stock of general dry goods and groceries above mentioned, with intent, him, the said Austin, then and there to cheat and defraud; whereas, in truth and in fact, he, the said Bradley, was not then and there the owner in his own right in fee of the aforesaid tract of land; and, whereas, in truth and in fact, the abstract of said land prepared by one Saunders, that showed a good and perfect title to said land to be in him, the said Bradley, he, the said Bradley, well knew that the abstract then in his possession, which had been prepared for another person, and not for the said Bradley, was an imperfect and impartial one, and incorrect, false and untrue in showing the title in him, said Bradley, against, &c.   A demurrer to the indictment was filed and sustained, and the State appealed.

*J. L. Smith*, Attorney-General, for the State.

*Davis & Wait* for respondent.

HOUGH, J.—After a very careful consideration of this case by all the members of this court, we have reached the conclusion that the indictment is insufficient, and that the judgment of the circuit court should be affirmed. The prosecuting attorney attempted to set out two false pretenses, one in relation to the title, and one in relation to the abstract. The false representation charged to have been made by the defendant, in regard to the abstract, was, that he had an abstract prepared by one Daniel G. Saunders, showing the title to be in him. This representation was not negatived in the indictment. The pleader did not aver that this representation was untrue, but he averred that the abstract itself was false and untrue, in that it did show the title to be in the defendant. If such was the fact, this abstract should have been set out as a "false token or writing," and the defendant should have been charged with designedly, feloniously and falsely pretending that it was a true abstract and correctly represented the title to be in him; and this charge should have been accompanied with a proper negative, and an averment of the *scienter*.

In regard to the representation as to the title, we are of opinion that the indictment is defective in failing to allege that the defendant knew that he had no title to the land at the time he represented himself to be seized in fee. The defendant's knowledge of the falsity of the pretense is material, and must always be averred unless the pretenses are of such a character as to exclude the possibility of the defendant not knowing of their falsity. 2 Wharton's Crim. Law, § 2159. Whether a party has, in a given case, a title in fee to land, is a matter about which there may be a difference of opinion, even among those most conversant with such subjects. Now, an opinion, a mere opinion, however false, is not a false pretense. 2 Bishop's Crim. Law, (Ed. 1865,) §§ 431, 433. It is especially necessary, therefore, when the pleader undertakes to negative a representation as to the title to land, to add the *scienter*.

Nor can the allegation of the defendant's knowledge of the falsity of his representations as to the title be dispensed with by reason of the use of the word " designedly " in the indictment. On the same principle it might be contended that the use of the words " feloniously and falsely " would dispense with the necessity of any negative. The word " designedly " should always be used, and the *scienter* should be averred in the cases we have named. 2 Wharton's Crim. Law, (Ed. 1874;) §§ 2144, 2159. The judgment is affirmed. All concur.

AFFIRMED.