No. 10,242.

COOKE v. THE STATE.

CRIMINAL LAW.—*False Pretences.*—*Indictment.*—An indictment for obtain-- ing a conveyance of lands by false statements as to the title, location, soil and value of another tract which the defendant claimed to own, without showing any contract. of exchange, or in any other manner showing how the representations could be operative to induce the con- veyance to the defendant, is bad.

From the DeKalb Circuit Court.

*D. D. Moody* and *P. V. Hoffman,* for appellant.

*D. P. Baldwin,* Attorney General, *R. W. McBride, C. A. O. McClellan, H. C Peterson* and *J. M. Somers,* for the State.

NIBLACK, J.—Indictment for obtaining a signature to a deed of conveyance by false pretences, under section 27 of the act of 1852, defining certain felonies. 2 R. S. 1876, p. 436. Motion to quash the indictment overruled. Verdict. of guilty, fixing the punishment at two years imprisonment in the State's prison, and judgment on the verdict.

The indictment charged that James V. Cooke, the appellant,. on the 7th day of May, 1881, at the county of DeKalb and. State of Indiana, with intent to cheat and defraud one Hugh Watt, did feloniously, fraudulently, designedly and falsely represent and pretend to the said Hugh Watt that he, the said' James V. Cooke, was then and there the owner in fee, in his. own right, and had a good and perfect title, in law and equity,. to a certain described tract of land containing 160 acres, situate-. in the county of Osceola and State of Michigan; that said land was free and clear from all liens and encumbrances of every kind; that it was worth $10 per acre; that the soil was a rich, black loam, from eight to fourteen inches deep; that said land was well timbered with hard-wood timber; that there were no swamps or lakes on said land; that said land was situate not more than six miles from Evart, a railroad town and a good market; that it was also situate not more than nine.

miles from Hersey, the county-seat of said county of Osceola; which said false pretences and representations were then and there feloniously, fraudulently and designedly made with the intent aforesaid, and for the purpose of inducing him, the said Hugh Watt, to execute, sign, seal, acknowledge and deliver, and of procuring Margaret Watt, the wife of the said Hugh, to join with him in executing, signing, sealing, acknowledging and delivering to him, the said James V. Cooke, a deed of conveyance, set out in full in the indictment, purporting to convey to him, the said Cooke, in consideration of the sum of $2,000, a certain tract of land containing 160 acres, subject to certain encumbrances, and situate in said county of DeKalb, and to be signed and acknowledged by the said Hugh Watt and Margaret, his wife; that the said Hugh Watt was then and there the owner, in his own right and in fee, of the land described in said deed, which was of the value of $5,000; that said Hugh Watt, believing said false pretences and representations to be and relying upon them as true, and not knowing or having any reason to believe them to be false, and being deceived thereby, did then and there execute, sign, seal, acknowledge and deliver, and procure his said wife, Margaret Watt, to join him in executing, signing, sealing, acknowledging and delivering, said deed of conveyance to him, the said James V. Cooke, the said signature of the said Hugh Watt, to the said deed of conveyance, being then and there obtained by means of the false pretences set forth as above. Whereas, in truth and in fact, the said James V. Cooke was not then and there the owner in fee in his own right of the land so situate in the county of Osceola and State of Michigan. and did not then and there have a good and perfect title, in law and equity, to said land, and said land was not free and clear of all liens and encumbrances of every kind, and said land was not then and there worth $10 per acre, and the soil of said land was not then and there a rich, black loam from eight to fourteen inches deep, and said land was not then and there well timbered with hard timber, and there were then

and there swamps and lakes on said land; said land was then and there situate more than six miles from said town of Evart, and more than nine miles from said town of Hersey; all of which facts were then and there well known to the said James V. Cooke; said Cooke, also, then and there well knew that said land was encumbered by a lien for taxes, which had been legally assessed, and had become delinquent in the sum of $271.30; that the value of said land did not exceed fifty cents per acre; that the soil was a barren sand, from which all the timber had been stripped; that a part of said land was lake and swamp; that said land was situate nineteen miles from the town of Evart, the nearest market, and twenty-nine miles from Hersey, the county-seat of said county of Osceola, and that all the pretences and representations herein charged were false.

The first objection urged to the proceedings below is, that the court erred in overruling the appellant's motion to quash the indictment.

It is insisted that the averments in the indictment did not, in any material sense, show that the false pretences alleged to have been made by the appellant, were the operative cause in inducing Watt to sign the deed of conveyance set out in the indictment.

In our opinion the indictment was, in the respect suggested, fatally defective.

It contained no averment of any contract or agreement between Watt and the appellant concerning the Michigan land; or of any interest, either present or prospective, which Watt may have had in the subject-matter of the pretences and representations charged to have been made as an inducement to him to sign the deed.

It is true the indictment averred that Watt relied upon these pretences and representations when he signed the deed, but why did he rely upon them? what reason had he for doing so? that is left to conjecture merely. It may have been that an exchange of lands was at the time in contemplation, but the indictment did not make any such an averment. Con-

ceding the representations which the appellant may have made concerning the Michigan land to have been false in every particular, why should Watt, for that reason, have made him a deed for another tract of land ?

We are unable to see any natural connection between the two transactions.

We think that this case is analogous in principle to the case of *Jones* v. *State,* 50 Ind. 473, and that the conclusion we have reached is fully sustained by that case.

As the judgment will have to be reversed for want of a sufficient indictment, we need not consider some questions discussed by counsel which arose at the trial.

The judgment is reversed, and the cause remanded for further proceedings.