Funk *v.* The State.

## FUNK *v.* THE STATE.

[No. 18,375.    Filed January 28, 1898.]

CRIMINAL LAW.—*Charge Must be Preferred with Certainty.*—In a criminal prosecution the particular crime with which the accused is charged must be preferred with such reasonable certainty by the essential averments in the pleading as will enable the court and jury to understand distinctly what is to be tried and determined, and fully inform the defendant of the particular charge he is required to meet. *p. 340.*

FALSE PRETENSES.—*Sufficiency of Affidavit and Information.*—It is an indispensable requisite to the validity of an affidavit and information charging one with obtaining money by means of false pretenses, that there should be an absolute and direct negative of the material pretenses upon which the State bases the charge, and which it expects to prove and rely upon for a conviction. *p. 343.*

From the Allen Circuit Court.    *Reversed.*

*S. M. Hench* and *E. V. Harris,* for appellant.
*Newton D. Doughman,* for State.

JORDAN, J.—Appellant was prosecuted on affidavit and information for the crime of having obtained a certain sum of money by means of false representations in violation of the provisions of the statute. Section 2352, Burns' R. S. 1894 (2204, Horner's R. S. 1897).    Upon a trial he was convicted, and sentenced to be imprisoned in the state prison, and to pay a fine of twenty-five dollars.    Motions to quash both the affidavit and information were made and overruled, and proper exceptions reserved.    These rulings of the court, and the overruling of a motion for a new trial, are assigned as errors.

The sufficiency of the affidavit and information are each assailed by counsel for appellant for several specified reasons, all of which we need not set out in detail.    The information and the affidavit upon which it is founded are substantially alike, the latter being in words as follows (Caption omitted):    "William D.

Baker, being duly sworn, upon his oath says, that on the 2nd day of December, A. D. 1896, at the county of Allen, and State of Indiana, one Mathias Funk did then are there unlawfully, feloniously and designedly, with intent to cheat and defraud one William D. Baker, falsely pretend to the said William D. Baker that he, the said Mathias Funk, was then and there the owner of two iron gray mares then in said county, of the value of two hundred dollars ($200.00), in his own name and right, and free from any incumbrance, claim, and lien; that by means of said false pretenses, the said William D. Baker then and there relying upon and believing the same to be true, said Mathias Funk did then and there unlawfully, feloniously, and designedly obtain from said William D. Baker sixty dollars ($60.00) money of the United States, current therein, of the value of sixty dollars ($60.00), the property of the said William D. Baker, in exchange for two promissory notes of said Mathias Funk, one for thirty dollars ($30.00) and the other for thirty dollars and eighty-one cents ($30.81); said notes being dated on the 2nd day of December, 1896, and payable in sixty and ninety days, respectively, and, as security for said notes, a mortgage was executed by said Mathias Funk upon the said horses hereinbefore described; that the said notes and mortgage were then and there delivered to said William D. Baker by said Mathias Funk in exchange for the said sixty dollars ($60.00), which was then and there delivered by the said William D. Baker to said Mathias Funk, and the said William D. Baker then and there relied upon said false representations and pretenses of said Mathias Funk; that he was then and there the owner in his own right of the said horses described in the said mortgage, as security for said notes, whereas in truth and in fact the said Mathias Funk was not then and

there the owner of said horses, and had no right, title, or interest in them whatever, but did then and there falsely pretend that he was the owner of the same, as aforesaid, with the felonious intent then and there to cheat and defraud the said William D. Baker out of the said sum of sixty dollars ($60.00), as aforesaid; contrary to the form of the statutes of the State of Indiana." Signed and sworn to by William D. Baker.

An inspection of this pleading fully discloses that it is not framed with the strictness that is generally required in a criminal charge, and that the accusation against the defendant is not preferred in all of the essential averments with the reasonable certainty which the law exacts from the State in a criminal prosecution. The doctrine so frequently asserted and adhered to by this court is that the particular crime with which the accused is charged must be preferred with such reasonable certainty by the essential averments in the pleading as will enable the court and jury to distinctly understand what is to be tried and determined, and fully inform the defendant of the particular charge which he is required to meet. The averments must be so clear and distinct that there may be no difficulty in determining what evidence is admissible thereunder. *Keller* v. *State*, 51 Ind. 111; *Strader* v. *State*, 92 Ind. 376; *State* v. *Cleveland, etc., R. W. Co.*, 137 Ind. 75; *Littell* v. *State*, 133 Ind. 577.

It was asserted in the case last cited that, where an indictment is so uncertain or doubtful as to be susceptible of more than one construction, in that event it must be construed most strongly against the State, and all reasonable doubts arising upon the averments thereof should be solved in favor of the person accused. Tested by these principles, it is apparent that the pleading in controversy is insufficient.

In the beginning it is charged that the accused

falsely pretended that he was the owner of "two iron gray mares, then in said county, of the value of two hundred dollars, in his own name and right, and free from any incumbrance, claim, and lien; that by means of said false pretense the said William D. Baker then and there relying upon and believing the same to be true, said Mathias Funk did then and there unlawfully, etc., obtain from said Baker sixty dollars, etc., * * * in exchange for two promissory notes of said Mathias Funk, one for $30.00 and the other for $30.81; said notes being dated on the 2d day of December, 1896, and payable in sixty and ninety days respectively; and, as security for said notes, a mortgage was executed by said Mathias Funk on the said horses hereinbefore described." The delivery of the notes and mortgage to Baker by the defendant in exchange for the sixty dollars is then averred, and the delivery of the money by Baker to the defendant is also alleged. It is then stated that Baker relied on the said false pretenses of the defendant that he was "the owner in his own right of the said horses described in said mortgage as a security for said notes, whereas in truth said Funk was not the owner of said horses and had no right, title and interest in them whatever." We may conjecture what the affiant had in his mind when he made the affidavit, but that is not sufficient to uphold a criminal pleading. Possibly it was intended to establish that the defendant obtained the money from Baker as a loan on the faith and reliance that the former was the owner, as represented, of the two iron gray mares, unincumbered, and of the value of two hundred dollars, and that this property was offered and pledged by a mortgage executed by the defendant to Baker as security for the money obtained; but that such was the transaction is left to be inferred. The averments do not disclose whether the money was

obtained by the means of the false pretenses as the result of negotiations for a loan, or as an exchange for the two notes and mortgage. The connection between the false pretenses and the obtaining of the money certainly is not shown. There are no averments to show that either the notes or mortgage received in exchange for the money were executed to Baker, or any other person. In respect to this fact all is impressed with doubt and uncertainty, and, under the circumstances, the accused would not be apprised or informed as to the particular notes and mortgage intended; and certainly upon a trial a serious difficulty would arise in determining what notes and mortgage were admissible in evidence. It will be observed that it is first charged that the defendant falsely represented that he was the owner of the two iron gray mares of the value of two hundred dollars, etc., and that reliance was placed by Baker upon the said representations in the belief that they were true. In the closing part of the affidavit it is alleged that Baker relied on the false representations that the defendant was the "owner of the said horses described in the mortgage as a security for said notes, whereas in truth and in fact said Mathias Funk was not the owner of said horses." It is not alleged that the money was delivered to the defendant by the means of the false representations as to the ownership and value of the horses described in the mortgage, and as to what the description of the horses in the mortgage may be is a matter of surmise or conjecture. The pleader, in his attempt to negative the false pretenses, seems to have shifted the reliance imposed by Baker on the pretenses of ownership of the two iron gray mares of the value of two hundred dollars, as first averred, to the representation of the defendant that he was the owner of horses described as a security in the

mortgage. But as to how the horses were described, as to whether they were iron gray mares of the value of two hundred dollars, etc., as heretofore said, is matter of surmise and conjecture. We think it must be evident that this is not a sufficient negative of the false pretenses by the means of which the defendant is alleged to have obtained the money.

It is an indispensable requisite to the validity of an indictment, information, or affidavit for obtaining money or other property by the means of false pretenses, that there should be an absolute and direct negative of the particular pretenses by which the money or property was obtained, and thereby show that they were false. This requisite is at least essential as to all the material pretenses upon which the State bases the charge, and which it expects to prove and rely upon for a conviction. See *Pattee* v. *State,* 109 Ind. 545; *Johnson* v. *State,* 75 Ind. 553; *Todd* v. *State,* 31 Ind. 514; *Redmond* v. *State,* 35 Ohio St. 81; *State* v. *Bradley,* 68 Mo. 140; *State* v. *DeLay,* 93 Mo. 98, 5 S. W. 607; *People* v. *Stone,* 9 Wend. 180; *People* v. *Gates,* 13 Wend. 311; *Tyler* v. *State,* 21 Tenn. 37; *Amos* v. *State,* 29 Tenn. 117.

In support of the conclusion reached as to the insufficiency of the pleading, see the following additional cases: *Johnson* v. *State,* 11 Ind. 481; *State* v. *Orvis,* 13 Ind. 569; *State* v. *Locke,* 35 Ind. 419; *Jones* v. *State,* 50 Ind. 473; *Cooke* v. *State,* 83 Ind. 402; *State* v. *Williams,* 103 Ind. 235; *State* v. *Conner,* 110 Ind. 469.

The affidavit is ambiguous and uncertain in its averments and negations, and it follows that the court erred in overruling the motions to quash it and the information, for which error the judgment is reversed, and the cause ordered remanded to the lower court, with instructions to sustain said motions. The clerk

of this court is directed to issue the proper warrant. for the return of the prisoner to the sheriff of Allen county.