## CAMPBELL v. THE STATE.

[No. 19,096.    Filed March 8, 1900.]

INDICTMENT.—*Sufficiency.*—*False Pretenses.*—An indictment for obtaining money by false pretenses, charging that C. did feloniously, etc., in writing, towit: * * * Send me $400 here by first express. K.,—pretend to the First National Bank of Vincennes, * * * that he was K., a depositor in said bank, is void for uncertainty, where it is not shown how the writing reached the bank, who wrote it, or procured its transmission, or that it was written without the consent of K.   *pp. 309-312.*

SAME.—*False Pretenses.*—An indictment for false pretenses must directly negative the truth of the alleged false pretenses.   *p. 312.*

From the Knox Circuit Court.   *Reversed.*

*J. E. McGaughey, W. A. Cullop* and *C. B. Kessinger,* for appellant.

*W. S. Hoover* and *W. L. Taylor,* Attorney-General, for State.

HADLEY, C. J.—Indictment in two counts for obtaining money under false pretenses.   Motion to quash each count overruled.   The defendant successfully moved the court to require the State to elect upon which count it would place the defendant upon trial.   The State elected the first count. Conviction, and judgment of imprisonment in the Indiana Reformatory.

The errors assigned call in question the action of the court in overruling the motion to quash each count of the indictment.

Omitting the formal parts, the indictment follows: "First count.   That one John W. Campbell, late of said county, on the 22nd day of January, A. D. 1897, at said county and State aforesaid, did then and there unlawfully, feloniously, knowingly, and falsely, in writing, to wit: 'Received at Vincennes, Ind., 9:20 a. m. January 22nd, B. & Q. 9 paid. Bruceville, Ind., 22.   The First National Bank: Send me

$400 here by first express. J. H. Klingler',—pretend to the First National Bank of Vincennes, Indiana, with intent then and there, and by such false pretenses, to cheat and defraud the said bank, for the purpose of fraudulently obtaining from said bank the sum of $400, that he, the said Campbell, was one John H. Klingler, a depositor in said bank, and the said bank and the officers thereof relying upon the said representations of the said John W. Campbell, and his false pretenses as aforesaid, and believing the same to be true, and being deceived thereby, and having no means of ascertaining the contrary, did then and there upon said day send to said Campbell, at said Bruceville, Indiana, the sum of $400, of the good and lawful money of the United States of America, of the value of $400, said money being then and there the property of the said bank; and the said Campbell did on said 22nd day of January, 1897, receive said money, and convert the same to his own use, contrary, etc.

"Second count. * * * One John W. Campbell did then and there unlawfully, feloniously, knowingly, and falsely pretend and represent to one Lewis H. Lee, who was an authorized and acting agent of the Adams Express Company, a corporation or stock company doing an express business within said Knox county, Indiana, that he, the said Campbell, was one John H. Klingler, a depositor in the First National Bank of Vincennes, Indiana, with intent then and there, and by such false pretenses, to cheat and defraud the said Adams Express Company, for the purpose of fraudulently obtaining $400 from the said Adams Express Company; and the said Campbell on said day procured and induced the said Lewis H. Lee to send to the said First National Bank of Vincennes, Indiana, a telegraphic message written by the said Campbell, said message being in words and figures as follows, to wit: 'Received at Vincennes, Ind., 9:20 a. m. January 22nd B. & Q. 9 paid. Bruceville, Ind., 22. The First National Bank. Send me $400 here by first express. J. H. Klingler;' and said mes-

Campbell v. State.

sage was delivered to the officers of said bank on said day, and said officers of said bank immediately on said day sent to said Bruceville to be delivered to said Campbell by said Lee, agent as aforesaid, the sum of $400 in money, as requested and directed in said telegraphic message, and the said Lee received said money on said day, and the said Lee, relying upon said representations of the said John W. Campbell, and his false pretenses as aforesaid, and believing the same to be true, and being deceived thereby, and having no means of ascertaining the contrary, did then and there upon said day deliver to said Campbell the said money, it being the sum of $400 of the good and lawful money of the United States of America, of the value of $400, said money being the property of the said Adams Express Company; and the said Campbell did on said day receive said money, and convert the same to his own use, contrary, etc."

Certain well settled legal principles must be applied in the construction of this indictment: (1) Words must be employed which import with reasonable certainty the facts essential to the crime charged. *Funk* v. *State*, 149 Ind. 338, 340; *State* v. *Locke*, 35 Ind. 419; *Jones* v. *State*, 50 Ind. 473. (2) The averments must show a coherent and consistent connection between the pretenses and accomplished fraud. *Jones* v. *State*, *supra; Cooke* v. *State*, 83 Ind. 402; *Johnson* v. *State*, 75 Ind. 553; *Funk* v. *State*, *supra*. (3) The indictment must in express terms negative the truthfulness of the pretenses. *Johnson* v. *State*, *supra*, 555; *Pattee* v. *State*, 109 Ind. 545; *Funk* v. *State*, *supra; State* v. *Smith*, 8 Blackf. 489.

In respect to the first count, being the one upon which the defendant was tried and convicted, it is averred that Campbell did feloniously, falsely, etc., "in writing, to wit: * * * Bruceville, Ind., 22. First National Bank. Send me $400 here by first express. J. H. Klingler",—pretend to the First National Bank of Vincennes, with intent then and there, and by said false pretenses, to cheat and defraud the

said bank, that he was John H. Klingler, a depositor in said bank; that said bank relied upon said representations, and, believing the same to be true, did then and there send to said Campbell, at Bruceville, the sum of $400.

It is not averred that the writing was a telegram, or how it reached the bank, or who presented it, or whether accompanied by any verbal explanation; but if we may infer that it was a telegram sent from Bruceville, then it does not appear who wrote it, or procured its transmission, or whether with or without the authority of Klingler. It is alleged that the bank, being deceived by the writing, sent the money to Campbell at Bruceville; but as the writing was subscribed in the name of Klingler, and requested the sending of the money to Klingler, who was entitled to it, we are unable to perceive how the bank could have been misled by the writing alone into sending it to Campbell. If a telegram, we must take notice that the signature, as well as the body of the instrument, was in the handwriting of the receiving telegraphic agent; and, if delivered to the bank in the usual course of business, what ground did it furnish the bank for sending the money to any one but Klingler? In other words, if the bank did not send the money to Klingler at Bruceville, as requested by the writing, but, in disregard of the request, sent it to another, to whom shall the consequences of a departure from instructions belong? The first count of the indictment abounds in uncertainty and in the want of a consistent connection between the pretenses and accomplished fraud, and for these reasons can not be sustained. The first count is fatally defective for the further reason that there is no direct negation of the alleged pretenses.

Judgment reversed, with instructions to sustain the motion to quash the first count of the indictment. The clerk will issue the proper notice for the return of the prisoner to the sheriff of Knox county.