## WHITSON v. THE STATE.

[No. 20,065.   Filed May 12, 1903.]

CRIMINAL LAW.—*Indictment.*—*Petit Larceny.*—*Description of Property Stolen.*—An indictment for petit larceny describing the property stolen as "five dollars of the personal goods and chattels of," etc., is insufficient at common law, and is bad under §1819 Burns 1901, for failure to show that the property stolen consisted of five dollars in money.

From Washington Circuit Court; *T. B. Buskirk,* Judge.

James Whitson was convicted of petit larceny, and appeals.   *Reversed.*

*S. H. Mitchell* and *E. C. Mitchell,* for appellant.

*C. W. Miller,* Attorney-General, *W. C. Geake* and *C. C. Hadley,* for State.

JORDAN, J. — Appellant, together with others, was charged by indictment with having committed the crime of petit larceny.   A motion to quash the indictment was denied, and upon his plea of "not guilty" he was separately tried by the court, and convicted of the crime as charged. It was further found that he was of the age of twelve years, and, over his motions in arrest of judgment and for a new trial, the court rendered its judgment, committing him to the Indiana Reform School for Boys, there to remain until he had attained the age of twenty-one years, unless sooner discharged by the board of control.   From this judgment he appeals, and bases the errors assigned upon the ruling. of the court in denying each of the aforesaid motions.

The indictment charges that appellant and the other persons therein named, at Washington county, in the State of Indiana, on the 15th day of April, 1902, "did then and there feloniously steal, take, and carry away five dollars of the personal goods and chattels of Charles Mobley, then and the value of five dollars, contrary," etc.   Counsel for appel-

lant contend that describing the property stolen simply as "five dollars of the personal goods and chattels," etc., is too indefinite or uncertain, and therefore the pleading, for this reason alone, is insufficient, and that the motion to quash ought to have been sustained.

It is settled beyond controversy that charging generally a defendant accused of the crime of larceny with having stolen the goods and chattels of the person mentioned, without giving a more specific description of the property stolen than that afforded by the words "goods and chattels," is insufficient. Prior to the enactment of §1819 Burns 1901, §1750 Horner 1901, being §176 of the criminal code of 1881, it was equally well settled by the decisions of this court that an indictment or information charging the larceny of money was not sufficient if only the aggregate amount thereof was stated, without any specification whatever of the kind or denomination of the money alleged to have been stolen, unless the pleading disclosed some legal excuse for the failure to give a more specific or proper description. *State* v. *Hoke,* 84 Ind. 137; *Arnold* v. *State,* 52 Ind. 281, 21 Am. Rep. 175, and cases there cited.

In *State* v. *Hoke, supra,* which was a prosecution upon a charge of larceny, this court, in considering the sufficiency of the several counts of the indictment, said: "The third count of the indictment is bad, for the reason that it does not contain a description of the property charged to have been stolen. It was not sufficient, under the code of 1852, to charge that 'six thousand and twenty-seven dollars of the paper money of the United States' were stolen. Some description must be given of the bills or notes, or some legal excuse must be shown for a failure to give the proper description."

In *Arnold* v. *State, supra,* the court said: "Money should be described as so many pieces of current gold or silver coin, and the coin must be stated by its appropriate name."

Since the enactment of §1819, *supra,* the rule of the com-

mon law in regard to the particularity or precision in respect to charging the larceny of money has been modified, as, by the provisions of this statute, in every indictment or information wherein it is necessary to make any averment as to any money, bank bills, or United States treasury notes, etc., it will be sufficient to "describe such money, bills, notes, or currency simply as money, without specifying any particular coin, note, bill, or currency; and· such allegation shall be sustained by proof of any amount of coin or of any such note, bill, or currency, although the particular species of coin of which such amount was composed òr the particular nature of such note, bill, or currency be not proved." Consequently, by virtue of the above section, this court has repeatedly affirmed and sustained the sufficiency of an indictment for the crime of larceny which merely described the stolen property to be a certain number of dollars in money of the "value," etc., without specifying any particular coin, note, bill, or currency. *Randall* v. *State,* 132 Ind. 539; *Hammond* v. *State,* 121 Ind. 512; *Rains* v. *State,* 137 Ind. 83.

It will be observed, however, that the indictment in the case at bar was not drafted so as to bring it within the provisions of the above section of our criminal code, for in no manner is it alleged or shown therein that the property stolen consisted of five dollars in·money. Therefore the pleading can not be upheld under the decision in *Randall* v. *State, supra,* or by any of the other cases last above cited, but the sufficiency of the description of the property must be tested by the rules of the common law as recognized and enforced by this court in cases arising before the taking effect of the criminal code of 1881.

In *Arnold* v. *State, supra,* which was a prosecution for robbery, the court held the indictment bad, for the reason that it described the property alleged to have been taken as national bank notes and United States treasury notes, known as greenbacks, without giving the denominations

of the bills, or otherwise showing that they represented certain sums of money. Among the authorities cited by the court in that appeal, in support of its holding, are the following: *State* v. *Longbottoms,* 11 Humph. 39, where it was held that an indictment charging the accused with having stolen "ten dollars good and lawful money of the state of Tennessee," was not a sufficient description of the property stolen. *People* v. *Ball,* 14 Cal. 101, 73 Am. Dec. 631, where the court also held that describing the stolen money as "three thousand dollars lawful money of the United States" was not sufficient. In *Merwin* v. *People,* 26 Mich. 298, the information charged that the defendant "did feloniously steal, etc., one hundred and thirty-five dollars" of the goods and chattels of the person therein named. This description of the stolen property in that case was held bad for uncertainty. The state of Michigan also had a statute substantially like §1819, *supra,* and the court in the case cited held that, inasmuch as the information had not been drafted or framed in compliance with the provisions thereof, the sufficiency of the description of the stolen property must be tested by the rules of the common law applicable to an indictment for larceny. In *Barton* v. *State,* 29 Ark. 68, the indictment described the property alleged to have been stolen as "one hundred and thirty dollars." This description was held bad, and in passing upon the sufficiency thereof the court, in that appeal, among other things, said: "Whether the subject of the larceny was coin, United States treasury notes, or bank notes, is not alleged. If the term 'dollars' may be said to have a legal meaning and to import the national coin, * * * we are left to conjecture what kind of coin the appellant was charged with stealing." In further support of the proposition that the indictment in controversy is bad, see Gillett, Crim. Law (2d ed.), §138, and 2 Bishop, Crim. Proc. (4th ed.), §703, and cases cited.

Whether the five dollars charged to have been stolen by

appellant consisted in whole or in part of any coin, notes, or bills, current money of the United States, or any other country, is, under the averments of the indictment in question, left wholly to be surmised. It would have been quite easy for the pleader to have properly described the property in controversy, had he employed, in addition to the words "five dollars" the phrase "in money," or "of the money," etc., as authorized by §1819, *supra*. This he neglected to do. Consequently the statute, under the circumstances, can not be invoked to sustain the description, and it certainly will not suffice when judged by the rules of the common law, as applied and enforced in this jurisdiction prior to the passage of the statute.

The averment in respect to the subject of the theft can not be said to be so distinct or definite as to serve to apprise the accused of the nature or character of the evidence which the State intended to introduce at the trial to prove the accusation. Again, what information for his protection in the future would a judgment of conviction or acquittal upon such an indictment afford him? In regard to the certainty required in criminal pleading, see *Funk* v. *State,* 149 Ind. 338, and cases there cited; *Campbell* v. *State,* 154 Ind. 309.

We have been unable to discover any authority which, under criminal pleading at common law, can be said to sustain the indictment in dispute, in the absence of alleging some legitimate excuse for the lack of more particularity.

It is also insisted that the evidence does not sustain the conviction, but as the judgment must be reversed because of the error of the court in overruling the motion to quash, we therefore intimate no opinion in regard to the evidence.

The judgment is reversed, and the cause remanded, with instructions to the lower court to sustain the motion to quash the indictment.