# THE UNITED STATES *vs.* ISAIAH BRAY.

## May 15, 1905.

*Practice.—Judicial Notice.—Official Forms:*

A United States court may take judicial notice of the practice before United States Shipping Commissioners, as evidenced by the official forms furnished by the Bureau of Navigation for carrying out the provisions of Section 24 of "An Act to Amend the Laws Relating to American Seamen," &c., 30 Stat. L. 764.

*Indictment.—Pleading.—Statement of Claim against Seaman:* It is unnecessary to allege in an indictment for unlawfully making a false statement of the nature and amount of a ·debt claimed of a seaman, (Sec. 10, Div. e of "An Act to Amend the Laws Relating to American Seamen," &c., 30 Stat. L. 763), that such statement was addressed to any one in particular.

*Same.—Shipping Commissioner:* It is unnecessary to allege in such indictment that an allotment note of a seaman, therein referred to, was approved by a Shipping Commissioner of the United States, or that he examined such allotment and the parties to the same.

*Same.—Allegation of Delivery of Allotment Note:*

It is unnecessary in such indictment to allege that an allotment note of a seaman therein referred to, was issued to or delivered to defendant or any other person.

*Same.—Allegation of Delivery of Allotment Note or Money or other Valuable by Reason of False Statement:*

It is unnecessary to allege in such indictment that defendant, by such false statement, procured the delivery of the allotment note or the payment of money or other valuable thing to himself.

*Construction.—Title of Statute.—American Seamen:* Title of a statute is not a part thereof, and cannot be used to set aside its obvious meaning. "An Act to Amend the Laws Relating to American Seamen for the Protection of such Seamen and to Promote Commerce" (30 Stat. L. 755) applies also to alien seamen shipped in American ports for interstate or foreign voyages.

*Indictment.—Pleading.— Scienter:* It is unnecessary to allege defendant's knowledge of the falsity of alleged statements where the alleged act presumes knowledge on his part.

*Same.—Sufficiency of Statutory Description of Offense Charged:* Statutory description of an offense charged in an indictment is sufficient if defendant is thereby apprised with reasonable certainty of the nature of the accusation and if conviction thereunder would be a bar ·to subsequent proceedings for the same offense.

Criminal Law: Indictment under Act of December 21, 1898 (30 U. S. Stat. L., 755): Demurrer to Indictment.

Robert W. Breckons, U. S. District Attorney, for the Government.

Castle & Withington, Counsel for Defendant.

Dole, J.   The defendant was indicted at the April, A. D. 1905 term of this court, which indictment contains four counts charging the same offense in regard to four different seamen, the charge of the first count being that he did unlawfully make a false statement of the nature and amount of a debt claimed by him to be due from a certain seaman, to-wit, one A. Juricks, in the manner following, and then follows a statement of the circumstances of the act charged, in substance as follows: That said A. Juricks shipped on the "Tillie E. Starbuck," April 18th, and stipulated in his shipping agreement for an allotment of twenty-five dollars to be paid to defendant from his wages, and signed an allotment note to carry out such stipulation; that April 20th, defendant declared that he was the original creditor of said A. Juricks, who was justly indebted to him for twenty-five dollars for board, lodging and sea outfit, and that the allotment of twenty-five dollars was to cover such indebtedness, and that the same was contracted prior to said A. Juricks' shipping engagement, and that no part of the indebtedness of twenty-five dollars was for money paid to A. Juricks or any other person.   Whereas, in truth and in fact, defendant was not the original creditor of A. Juricks for the full amount of the allotment note, twenty-five dollars, and said A. Juricks was not justly indebted to defendant in the amount of the allotment note,—twenty-five dollars, for board, lodging and sea outfit, and said allotment of twenty-five dollars was not to cover such indebtedness for board, lodging and sea outfit, but said A. Juricks was indebted to defendant for board, lodging and sea outfit only in the sum of nineteen dollars and the alleged indebtedness

of twenty-five dollars was not contracted prior to A. Juricks' shipping engagement, and four dollars of said indebtedness was for money paid A. Juricks, and fifty cents thereof was for express charged by defendant and one dollar and fifty cents was a charge by defendant for assuming the allotment note.

As the counts are similar, differing only in the names of the seamen in relation to whom such false statement was alleged to have been made, the court will consider only the first count, the other counts to be disposed of according to its decision upon the first.

The defendant demurred to the indictment on seven grounds, the first of which avers "That it does not appear by said first "count of said indictment to whom the false statements alleged "to have been made by the said Isaiah Bray were made."

"It may be laid down as a general rule deducible from the cases, that wherever, by the express language of any act of Congress, power is entrusted to either of the principal departments of government to prescribe rules and regulations for the transaction of business in which the public is interested, and in respect to which they have a right to participate, and by which they are to be controlled, the rules and regulations prescribed in pursuance of such authority, become a mass of that body of public records of which the courts take judicial notice." *Caha v. United States,* 152 U. S. 211, 222.

Division g of section 24 of "An Act to Amend the Laws Re-"lating to American Seamen, for the Protection of such Sea-"men, and to Promote Commerce," (30 Stat. L. 764), as amended by "An Act to Establish the Department of Commerce "and Labor," (32 Stat. L. 825), is as follows, as stated in Navigation Laws, U. S., p. 77, (1903) : "Under the direction of "the Secretary of Commerce and Labor, the Commissioner of "Navigation shall make regulations to carry out this section."

This court takes judicial notice of the practice before United States Shipping Commissioners, as evidenced by the official forms furnished them by the Bureau of Navigation, for carry-

ing out the provisions of the statute in question; the title of form 1605b, for shipping articles, being "articles of agreement "between master and seamen in the merchant service of the "United States, required by Act of Congress title LIII, Re-"vised Statutes of the United States; Office of United States "Shipping Commissioner for the port of," etc.; and the form 1622b for the allotment note contains, on its back, a form for the declaration of a creditor claiming to be entitled to an allotment of a seaman's wages under the Act. This form is as follows:

"The undersigned hereby declares that he is the original creditor of the seaman who has made the within allotment note; that said seaman is justly indebted to him in the amount thereof for board or clothing, as follows:    *    *    *    that the within allotment is to cover such indebtedness; that said indebtedness was contracted prior to said seaman's engagement for the voyage herein mentioned; and that no part of said indebtedness was for money paid to said seaman or other person."

From this it appears that the form of declaration is a part of the official form 1622b, and when filled out and signed becomes an indorsement on the back of the allotment note, and like any indorsement of notes or bills of exchange, a part thereof in the nature of a condition precedent for its payment; its place in the proceedings in such cases being thus established, it becomes therefore unnecessary to allege that such declaration is addressed to any one in particular. The allegation that the defendant made a false statement of the nature and amount of the debt claimed by him cannot be deemed to refer to any statement other than one made according to the practice established by the forms referred to.

The second ground of the demurrer is as follows:    "That it "does not appear by said first count, nor is it therein alleged, "that the allotment note therein described was signed by and "approved by a shipping commissioner of the United States of "America. Nor does it appear in said first count, nor is it "therein alleged, that said shipping commissioner examined

"such allotment and the parties to the same or did any act in the "premises."

The law says, "No allotment note shall be valid unless signed "by and approved by the shipping commissioner. It shall be "the duty of said shipping commissioner to examine said allot- "ments and the parties to them, and enforce compliance with "the law." "*An Act to Amend the Laws Relating to American* "*Seamen,*" &c., 30 Stat. L. 763, Sec. 10, Div. d. Naturally the Shipping Commissioner did not sign and approve the allot- ment note if he ascertained the facts in regard to it to be as alleged. In any case, his signing or not signing, or his examina- tion or non-examination of such allotment or the parties thereto does not seem to have any relation to the offense charged.

Third ground of demurrer: "That it does not appear in "the same (first count) and is not alleged that said allotment "note was issued to the said A. Juricks or issued to or delivered "to the defendant or to any other person."

The allegation is in substance that A. Juricks stipulated in his shipping agreement for the allotment of twenty-five dollars in one installment to be paid to defendant from his wages and that A. Juricks, for carrying out the object of said stipulation, signed a certain allotment note directing that there be paid from his wages to defendant the sum of twenty-five dollars in one installment. I think this is sufficient so far as I understand the practice. Under the Act the allotment note could not very well be delivered to defendant until it had been approved by the Shipping Commissioner. In the case before the court, it had not been approved by the Shipping Commissioner and for good reasons, if we accept the allegations as to its illegality.

The fourth ground of demurrer is "That it does not appear "in said count and is not alleged therein that by reason of "said false statements therein alleged, the defendant procured "the allotment note therein alleged, to be delivered to himself "or to any other person or thereby procured the payment of any "money or any other valuable thing thereunder."

It is not necessary in making out this charge that it should

be alleged or shown that defendant by his false statements pro-
cured the delivery of the allotment note or the payment of the
money in question. The offense is the making of the false state-
ments and it makes no difference whether or not the note was
delivered or the money paid in consequence thereof.

The fifth ground of demurrer is "That it does not appear nor
"is it alleged in said first count of said indictment that A.
"Juricks, the seaman therein named was an American seaman."

Counsel for the defendant cites an authority on this point,
the case of *United States v. Nelson,* 100 Fed. Rep. 125 (1900),
which relies on the title of the Act governing the offense charged,
which is as follows: "An Act to Amend the Laws Relating
"to American Seamen, for the Protection of such Seamen and
"to Promote Commerce." This case appears to be overruled
by the cases of *The Kestor* 110 Fed. Rep. 432· (1901), and
*Patterson v. Bark Eudora,* 190 U. S. 169 (1903). The court
said in the latter case:

"It has been held that the title is no part of a statute, and
cannot be used to set at naught its obvious meaning." (p. 172);
and, "We are of the opinion that it is within the power of Con-
gress to protect all sailors shipping in our ports on vessels en-
gaged in foreign or interstate commerce, whether they belong
to citizens of this country or of a foreign nation, and that our
courts are bound to enforce those provisions in respect to foreign
equally with domestic vessels." (p. 179).

The decision in *United States v. Nelson, supra,* is also in-
consistent with section 4523 of the Revised Statutes, which is as
follows:

"All shipments of seamen made contrary to the provisions of
any act of Congress shall be void; and any seaman so shipped
may leave the service at any time, and shall be entitled to re-
cover the highest rate of wages of the port from which the sea-
man was shipped, or the sum agreed to be given him at his ship-
ment."

The sixth ground of demurrer reads: "That it does not
"appear in said count and is nowhere alleged that this defend-

"ant knew at the time of the alleged statements that the same "were false."

· The authorities cited in support of this point are cases for the most part in which "knowledge is an essential ingredient "of the offense and is not implied in the statement of the act "itself." *Wharton, Crim. Pl. & Pr.,* Sec. 164. The case, however, of *State v. Bradley,* 68 Mo. 140, cited by counsel for defendant, was an indictment for obtaining a stock of goods in exchange for a tract of land, under false pretenses, the court holding that the scienter should have been expressly averred, which case, at first sight, might appear to support the contention of the defendant, but the court in its reasoning fairly brings this case also in the class above referred to. The court said:

"Whether a party has, in the given case, a title in fee to land, is a matter about which there may be a difference of opinion, even among those most conversant with such subjects. Now, an opinion, a mere opinion, however false, is not a false pretense." (p. 142).

It is not necessary to aver knowledge in the case before the court, for the alleged act presumes knowledge. One can hardly say that his claim is for board, lodging and sea outfit, when, as a matter of fact, it is only partially for such items, and in addition, is for cash advanced, express charges and a charge for assuming the note covering the claim, without knowing that his claim covers more than the items of board, lodging and sea outfit. The cases where the averment of knowledge is necessary are those like the offense of passing counterfeit money where it may well be that one passing such money is ignorant of the real character thereof, so that it becomes necessary to charge that he knowingly passed such money. *United States v. Carll,* 105 U. S. 611, 613.

The seventh ground of demurrer is, "That no offense known "to the law is alleged in and by said first count."

On this point, counsel for the defendant cited numerous authorities as to the necessity in some cases of a more full description of statutory offenses than is given in the statute.

The offense in this case is charged in the words of the statute and is followed by a detailed statement of the circumstances surrounding the act charged. The rule on this point is well stated in the case of *United States v. Simmons,* 96 U. S. 360, cited by counsel for the defendant. The following is the citation quoted by counsel for the defendant, with a modification of the last line by the court: The general rule that an indictment for an offense purely statutory is sufficient if it pursues substantially the words of the statute, is subject to the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment with reasonable certainty of the nature of the accusation against him, to the end that he may prepare his defense and plead the judgment as a bar to any subsequent proceeding for the same offense. Section 1025, Revised Statutes of the United States is in general words, to the same effect. It is as follows:

"No indictment found and presented by a grand jury in any "district, or circuit or other court of the United States shall be "deemed insufficient, nor shall the trial, judgment, or other "proceeding thereon be affected by reason of any defect or im- "perfection in matter of form only, which shall not tend to the "prejudice of the defendant."

I cannot see that the defendant is not apprised by the indictment, with reasonable certainty, of the nature of the offense with which he is charged. The description of the offense is clear and definite and the alleged circumstances surrounding the act charged would seem to furnish him with adequate information for the preparation of his defense. It is not easy to imagine wherein the accusation is so defective that it could be mistaken for one of a different offense or for a similar offense in different circumstances, or that if conviction should follow, it would not be a complete bar to another prosecution for the same act.

In accordance with these considerations, the demurrer is overruled on all points.