## WOODSMALL v. STATE OF INDIANA.

[No. 22,349. Filed June 19, 1913.]

1. CRIMINAL LAW.—*Motion in Arrest of Judgment.—Sufficiency of Indictment.*—Although an indictment is not subject to the same test by motion in arrest, as it is by motion to quash, under §2159 Burns 1908, Acts 1905 p. 584, §283, it must on motion in arrest state facts sufficient to constitute a public offense. p. 699.

2. INDICTMENTS.—*Defects.—Aider by Verdict.—Motion to Quash.— Motion in Arrest.*—A material fact constituting the offense, if stated in a defective manner or form, may render the indictment insufficient on a motion to quash, while on a motion in arrest such defect would be cured by verdict. p. 699.

3. INDICTMENT.—*Sufficiency.—Initial Attack by Motion in Arrest. —Technical Defects.*—A fact fairly and rationally inferable from facts pleaded, though stated argumentatively and indirectly, may be deemed as averred, especially when the indictment is first assailed by motion in arrest, since in such case mere technical defects should be disregarded. p. 699.

4. CRIMINAL LAW.—*Obtaining Money Under False Pretenses.— Motion in Arrest of Judgment.—Indictment.—Failure to Aver Falsity of Pretenses.*—An indictment for obtaining money under false pretenses must aver that the pretenses upon which the money was obtained were false, and where it is averred that defendants falsely pretended, etc., but it is in no way charged that the pretenses were false, the indictment was fatally defective on a motion in arrest of judgment. p. 700.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Prosecution by the State of Indiana against Samuel W. Woodsmall. From a judgment of conviction, the defendant appeals. *Reversed.*

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

MORRIS, J.—Appellant, with others, was indicted for conspiracy to commit the crime of obtaining money by false pretense, as defined by §§2588, 2647 Burns 1908, Acts 1907 p. 431, Acts 1905 p. 584, §641. On a plea of not guilty, he was tried by a jury and convicted. He filed a motion in arrest of judgment, in which he averred that the facts stated in the indictment do not constitute a public offense. Subd. 2 §2159 Burns 1908, Acts 1905 p. 584, §283. The only question presented here is predicated on the action of the trial court, in overruling this motion.

So much of the indictment, as is pertinent to this controversy, reads as follows: "Samuel W. Woodsmall, Emanuel Purcell, and Charles C. Riggs, * * * did * * * unite, combine, conspire, confederate and agree to and with each other for the object and purpose and with the unlawful and felonious intent to then and there feloniously, unlawfully, knowingly and falsely pretend to one, Luella Mills, with intent then and there and by such false pretense to cheat and defraud the said Luella Mills for the purpose of obtaining from the said Luella Mills Two Hundred ($200.00) Dollars in money, which money then and there belonged to the said Luella Mills; that the said defendants, Samuel W. Woodsmall, Emanuel Purcell, and Charles C. Riggs, falsely and fraudulently represented to Luella Mills that there was a detective in the town of Shelburn, Sullivan County, Indiana, and that the said detective was going to arrest the said Luella Mills' son, James Little, and the said defendant, Charles C. Riggs, for the burning of the said James Little's restaurant on the 15th day of January, 1912, and that the said defendants falsely and designedly further represented to the said Luella Mills, with the intent to defraud, that if she would pay Two Hundred ($200.00) Dollars in money to the defendant, Samuel W. Woodsmall, he would pay it to the detective and prevent the arrests and exposure; relying upon the said representations of the said defendants, Samuel W. Woodsmall, Emanuel Purcell and Charles C. Riggs, and

their false pretense, as aforesaid, and believing the same to be true and being thereby deceived and having no means of ascertaining the contrary, did then and there and by reason of said reliance and belief, upon the said day, pay to the defendants Samuel W. Woodsmall, Emanuel Purcell and Charles C. Riggs, Two Hundred ($200.00) Dollars in money and the said defendants, Samuel W. Woodsmall, Emanuel Purcell and Charles C. Riggs, did then and there and thereby receive and obtain possession by means of their false pretense, as aforesaid, the said Two Hundred ($200.00) Dollars in money, the property of the said Luella Mills, to the injury of the said Luella Mills, contrary to the form of statute in such cases made and provided, and against the peace and dignity of the State of Indiana''. Appellant contends that the indictment is fatally defective because it fails to negative the alleged pretense.

While an indictment is not subject to the same test by motion in arrest, as it is by motion to quash, yet, by the terms of §2159, *supra*, it must, on motion in arrest, state facts sufficient to constitute a public offense. A material fact, constituting the offense, if stated in defective manner or form, may on motion to quash, render the indictment insufficient, while such defect, on motion in arrest, would be cured by verdict. *Woodworth* v. *State* (1896), 145 Ind. 276, 43 N. E. 933, and cases cited. A fact, fairly and rationally inferable from facts pleaded, though stated argumentatively and indirectly, may be deemed as averred. *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819; *Domestic Block Coal Co.* v. *DeArmey* (1913), *ante* 592, 100 N. E. 675, 102 N. E. 99. This rule is, at least, applicable, when an indictment is first assailed by motion in arrest. Mere technical defects or errors, in such event, should be disregarded. §2221 Burns 1908, Acts 1905 p. 584, §334.

In *Pattee* v. *State* (1887), 109 Ind. 545, 10 N. E. 421, this court said, in reversing a judgment, where the sufficiency

4. of the indictment was not questioned by motion to quash or in arrest of judgment, but was challenged for the first time in this court: "It is indispensably essential to the validity of an information for obtaining money by false pretense to aver that the pretenses upon which the money was obtained were false." This doctrine has since been recognized, and followed, by this court. *Funk* v. *State* (1898), 149 Ind. 338, 49 N. E. 266, and cases cited; *Campbell* v. *State* (1900), 154 Ind. 309, 56 N. E. 665; *Whitson* v. *State* (1903), 160 Ind. 510, 67 N. E. 265. Here there is no attempt by averment, direct or indirect, defective, uncertain or otherwise, to charge that the pretenses, on which the money was obtained, were false; and, consequently, we are dealing, not with a defective or uncertain averment, that would be cured by verdict, but with the entire absence of any averment. While it is recited, in the averment of the pretense, that defendants "falsely" pretended, etc., the use of the word "falsely" in such connection, was not intended by the pleader as an averment to negative the alleged pretense, and cannot be so construed here without doing violence to well-recognized rules of criminal pleading.

Judgment reversed, with instructions to sustain appellant's motion in arrest of judgment. The clerk will issue the proper notice for the return of appellant to the sheriff of Sullivan County.

NOTE.—Reported in 102 N. E. 130. See, also, under (1) 12 Cyc. 761; (2) 12 Cyc. 760; (3) 19 Cyc. 427. As to the indispensability, in an indictment, that facts be charged sufficient to constitute a public offense, see 3 Am. St. 280. As to the legal effect of a motion in arrest of judgment, see 135 Am. St. 74.