OLEJNICZAK, ADMINISTRATOR, v. INDIANA LUMBER MANUFACTURING COMPANY.

[No. 11,285.  Filed April 7, 1922.]

1.  PARTIES.—*Intervening Petition.*—*Sufficiency.*—A petition for leave to intervene need not be as formal as a complaint, and is sufficient in form if it contains succinct and definite statements, or a recital of the facts upon which the equities claimed are predicated.  p. 170.

2.  APPEAL.—*Review.*—*Overruling Motion to Strike Pleading.*— Since the only effect of overruling a motion to strike out a pleading or a part thereof is to leave a surplusage in the record, there can be no reversible error in overruling such a motion.  p. 170.

3.  LIS PENDENS.—*Notice of Suit to Set Aside Deed.*—*Furnishing Labor and Materials to Record Owner Prior to Notice.*—*Mechanic's Lien.*—*Validity.*—A lumber company furnishing labor and materials for repairs on buildings at the request of the owner of record without notice of and prior to filing of notice of *lis pendens* of a suit to set aside the conveyance to such owner is entitled to its mechanic's lien for the work and materials so furnished as against the plaintiff in that suit.  p. 171.

4.  MECHANIC'S LIEN.— *Foreclosure.*— *Attorney's Fees.*— *Recovery.*—*Statutes.*—A lien sought to be enforced by one furnishing labor and materials at the request of the record owner of the property, after the conveyance to such owner was set aside, is not an equitable lien, but a statutory lien for the enforcement of which attorney fees are allowed under §8307 Burns 1914, Acts 1909 p. 295.  p. 171.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by John Olejniczak, administrator of the estate of George Leda, deceased, against Apolonia Lodyga, in which the Indiana Lumber Manufacturing Company

intervened.    From a judgment for intervener, the plaintiff appeals.    *Affirmed.*

*George A. Kurtz,* for appellant.

*Alfred E. Martin* and *Arthur L. Gilliom,* for appellee.

NICHOLS, J.—Action by appellant filed on December 27, 1915, to set aside a fraudulent conveyance of real estate made by the decedent in his life time to his sister Apolonia Lodyga, by warranty deed which was recorded, and to sell the same for the purpose of converting it into assets of the estate to pay debts.    No *lis pendens* notice was filed by appellant until November 29, 1917. The conveyance was set aside and an order of sale entered on January 3, 1918, which was more than two years after the action was begun.    On January 16, 1918, which was before the sale, appellee filed a petition to intervene for the purpose of setting up its mechanic's lien upon the real estate involved, and to have the same heard and determined, and thereafter filed an amended, verified intervening petition in which it was alleged in substance that appellee furnished material and labor and remodeled the house and buildings on the real estate involved, in the fall of 1917, which material and labor was of the value of $1,007.80; that at the time of the furnishing of such material and labor the title to the real estate was in said Apolonia Lodyga; that within sixty days appellee filed its mechanic's lien and also filed its action to foreclose the lien and made appellant a party thereto; that appellee was not made a party to appellant's action to set aside the fraudulent conveyance and to sell to pay debts, but that appellant at the time his order of sale was entered knew that appellee claimed to hold a lien upon such real estate, but did not make it a party to the proceedings; that appellee did not know until after it had furnished the work and material that the administrator's decedent was the

real owner of the property in question, but relied upon the statements of Apolonia Lodyga that she was the real owner, and the deed records so disclosed that she was such owner; that relying upon such representations and records appellee furnished the material and labor; that the rights of appellee will be irreparably injured unless the order of sale is set aside and it be permitted to set up its rights.

There was a demurrer to this petition which was overruled, and this ruling of the court is assigned as one of the errors of which appellant complains. We hold that the petition to intervene was sufficient.

1.

Such petitions need not be as formal as complaints, and are sufficient in form if they contain succinct and definite statements, or a recital of the facts upon which the equities claimed are predicated. *Cambria Iron Co.* v. *Union Trust Co.* (1899), 154 Ind. 291, 55 N. E. 745, 56 N. E. 665, 48 L. R. A. 41. The court did not err in granting permission to appellee to intervene.

Thereupon appellee filed its "intervening petition" which was in the nature of a cross-complaint setting up its claim to the mechanic's and materialman's lien to which appellant answered in two paragraphs. Appellee filed a reply to the second

2.

paragraph of answer. Appellant filed his motion to strike out this paragraph of reply which was overruled, and this ruling of the court is assigned by appellant as the second error of which he complains. The rule which must govern as to this error is thus stated in Watson, Revision of Work's Practice §849: "Since the only effect of overruling a motion to strike out is to leave surplusage in the record, it is settled that there can be no reversible error in overruling a motion to strike out all or a part of a pleading" Many authorities are cited to sustain the rule which is well established.

Under his motion for a new trial, the overruling of which is assigned as error, appellant says that his decedent had nothing whatever to do with securing

3. the services or material from appellee and that appellant had nothing to do therewith, and that therefore appellee could have a lien only to the extent of the interest of said Apolonia Lodyga which could not be paramount to the interest of the creditors. This no doubt would be true if at the time that the services and material were furnished appellee had had notice of appellant's claim. But at that time the record showed the title in said Apolonia Lodyga; appellant failed to file a *lis pendens* notice until after the services and material were furnished, and the evidence shows that appellee had no notice that the conveyance by appellant's decedent was fraudulent, or that said Apolonia Lodyga was not the owner of the real estate involved. Under such circumstances, the rule contended for by appellant that where an interest is transferred *pendente lite* the recipient requires the interest subject to the outcome of the litigation does not apply.

Appellant contends that the lien which appellee seeks to enforce is an equitable lien and that therefore he is not entitled to attorney's fees. But appellant is

4. mistaken in this contention. Appellee's lien is a statutory lien for the enforcement of which attorney's fees are allowed. §8307 Burns 1914, Acts 1909 p. 295. Each of the special findings of the court is sustained by the evidence. Nothing can be gained by discussing them.

The judgment is affirmed.